333 So.2d 613 (1976)
In re Roosevelt WILLIAMS
v.
STATE.
Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.
SC 1714.
Supreme Court of Alabama.
June 4, 1976.
William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State.
Douglas V. Hale and Lowell H. Becraft, Jr., Huntsville, for respondent.
SHORES, Justice.
Roosevelt Williams was convicted of forgery in the Madison Circuit Court and was sentenced to eight years in the penitentiary. He appealed to the Court of Criminal Appeals which reversed his conviction on grounds raised by Williams for the first time on appeal. The State filed a petition for writ of certiorari, which this court granted.
The Court of Criminal Appeals held that the check, which was forged, was dated on a Sunday, and was therefore void under the express provisions of Title 9, § 21, Code, which provides:
"All contracts made on Sunday, unless for the advancement of religion, or in the execution, or for the performance of *614 some work of charity, or in case of necessity, or contracts for carrying passengers or perishable freight or transmissions of telegrams or for the performance of any duty authorized or required by law to be done on Sunday are void." (Emphasis Supplied)
It has been held in this jurisdiction, and the rule is the general rule in this country, that a check is a contract. Deal v. Atlantic Coast Line R. Co., 225 Ala. 533, 144 So. 81 (1932). Thus, a check made and uttered on a Sunday is, by virtue of the quoted statute, void.
It is also universally held that an instrument void on its face cannot be the subject of an indictment for forgery. Hobbs v. State, 75 Ala. 1 (1883); Fomby v. State, 87 Ala. 36, 6 So. 271 (1888); Wm. L. Burdick, Law of Crime 547, Vol. 2, § 662a (1946).
In Gooch v. State, 249 Ala. 477, 31 So.2d 776 (1947), this court answered questions certified to it by the Court of Appeals and held that a check given on Sunday, unless for one of the permitted purposes under Title 9, § 21, supra, was void and could not be the subject of forgery. This answer was compelled by that statute. By its terms, it makes all contracts void except those specifically excepted in the statute.
The State now urges the overruling of Gooch, supra. That is not the solution to what is obviously a problem. The problem stems from the statute. It makes checks issued on Sunday void. A void instrument cannot be the basis of an indictment for forgery. To hold that a forged check issued on Sunday is not void, but that all others are void, defies all reason, and ignores the plain meaning of Title 9, § 21. The State's argument would lead to the incongruous conclusion that all checks executed and issued on Sunday (excluding the transactions permitted by the statute) are void unless they are forged.
We agree that a haven for criminals has been created, but it has been created by the legislature. The constitutionality of the Sunday statute has not been raised and, therefore, we do not consider that question. Ex parte Thaggard, 276 Ala. 117, 159 So.2d 820 (1963). Obviously, it is repugnant to logic and unfair to the citizens of this state to immunize a forger from prosecution when the evil deed takes place on Sunday. But the fault lies with Title 9, § 21, and we join those members of the Court of Criminal Appeals in urging the legislature to remedy this indefensible situation. Reviewing a somewhat similar statute, the Supreme Court of New York, in Twin Fair Distributors Corp. v. Cosgrove, 380 N.Y.S.2d 933, 938 (N.Y.Misc. 1976), recently said such statutes are "... a vestige of another age, devoid of rhyme, reason or symmetry ..."
Since the check in the instant case was dated and issued on Sunday, and the indictment contained none of the exceptions set out in Title 9, § 21, it will not support a conviction.
Of course, a trial under an indictment that is so defective that no valid conviction can be rendered will not support a plea of former jeopardy. Barber v. State, 151 Ala. 56, 43 So. 808 (1907); Sims v. State, 146 Ala. 109, 41 So. 413 (1906). Therefore, the defendant may be reindicted if the new indictment avers extrinsic facts sufficient to cure the defect herein discussed. But, the present indictment being fatally defective, the Court of Criminal Appeals must be affirmed.
AFFIRMED.
HEFLIN, C. J., and MERRILL and MADDOX, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially):
I concur in the holding of reversal of the conviction, affirming the Court of *615 Criminal Appeals; but I would extend the opinion and use this case as the vehicle for giving notice that this statute will not in the future be used as a refuge for forgers. This statute, in its total context as well as in the limited context of this case, is so patently unconstitutional that I would not await any longer corrective action by the legislature; nor, because of practical considerations, would I hold the State too strictly to the general rule that the issue of constitutionality must be raised at the trial level to be reviewable. Where a statute contravenes organic law and its futility is demonstrated by its application, as here, this Court's duty to declare such a statute void should not be circumscribed by procedural technicality.