The defendant was indicted for attempted robbery in the first degree. Sentence was twelve years' imprisonment. This case is reversed and the cause remanded because the indictment did not charge any offense.
The indictment, in pertinent part, charged that the defendant
 "did, with the intent to commit the crime of Robbery 1st Degree, Section 13A-8-41 of the 1975 Code of Alabama, attempt to commit said offense, in violation of Title 13A-4-2 of the 1975 Code of Alabama, . . ."
This indictment charges that the defendant violated the attempt statute by attempting to commit the crime of robbery in the first degree.
Alabama's attempt statute is found in Alabama Code 1975, Section 13A-4-2 (amended 1977).
"Section 13A-4-2. Attempt.
 "(a) A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."
Robbery in the first degree is defined in Section 13A-8-41.
"Section 13A-8-41. Robbery In The First Degree.
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he: *Page 183 
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another."
(emphasis added)
By statutory definition, robbery in the third degree is a lesser included offense of robbery in the first degree.
"Section 13A-8-43. Robbery In The Third Degree.
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft
he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with the intent to compel acquiescence to the taking of or escaping with the property."
(emphasis added)
Of significance is the phrase "in the course of committing a theft" which is defined to embrace "acts which occur in anattempt to commit or the commission of theft, or in immediate flight after the attempt or commission." Section 13A-8-40 (b) (emphasis added).
Because the definition of robbery has been enlarged and expanded by the new criminal code, "the former offense of assault with intent to rob has been merged into the present offense of robbery." Marvin v. State, 407 So.2d 576, 579
(Ala.Cr.App. 1981). For this same reason the former crime of attempted robbery now constitutes robbery. Section 13A-8-43 (a) adds a definition that extends robbery to include conduct which occurs in an attempt to commit a theft or in flight after the attempt or commission. Section 13A-8-40 (b). "Thus, a robbery is committed if the required special circumstances exist at any point from the beginning of an attempt to commit a theft through the end of the flight following its attempt or commission." American Law Institute, Part II, Model Penal Code Section 221.1 at p. 99 (1980).
The Attorney General recognizes that "the shadow of Reed v.State, 372 So.2d 872 (Ala.Cr.App. 1978), reversed,372 So.2d 876 (Ala. 1979), looms over the instant case." We find the principles of Reed indistinguishable, and therefore, its application controlling.
In Reed, our Supreme Court found that the statutory offense of bribery included the attempt to bribe. The court specifically held that because the statute defined bribery — a felony — to include attempts to bribe, an accused charged for the felony of bribery could not be convicted of a misdemeanor under the general attempt to commit a crime statute. Reed, 372 So.2d at 877.
As in Reed, we hold that the statute of robbery in the third degree subsumes all activities and conduct which may be characterized as an attempt to commit robbery. The statute defines the crime of robbery as including the attempt to commit robbery and requires no actual theft or asportation of property.
As in Reed, 372 So.2d at 878, it is pertinent to inquire: What possible set of circumstances would fall short of the proscribed conduct of Section 13A-8-43, and yet constitute the crime of attempt to commit robbery? "We are unable to postulate — with reasonably intelligible standards — a cause of conduct which does not rise to the level of that course of conduct contemplated by this . . . (robbery) statute, but which would be criminally cognizable as a lesser offense. This reinforces our conclusion that the general attempt statute is here inapplicable." Reed, 372 So.2d at 878.
A trial under an indictment so defective that no valid conviction can be rendered will not support a plea of former jeopardy and the defendant may be reindicted. Williams v.State, 333 So.2d 613, 614 (Ala. 1976). The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur. *Page 184