Faced with a charge of first degree robbery, Paul Wesley pleaded guilty to attempted robbery and was sentenced by the trial court, accordingly, to five years' imprisonment in the penitentiary.
This cause must be reversed on the authority of Petty v.State, 414 So.2d 182 (Ala.Cr.App. 1982). Appellant's "attempted robbery" conviction is invalid. The appellant was indicted for first-degree robbery under § 13A-8-41, Code of Alabama 1975. Pursuant to a "plea bargain," the appellant agreed to plead guilty to "attempted robbery." The trial court accepted this plea and implicitly pronounced judgment of conviction for "attempted robbery" under § 13A-4-2, Code of Alabama 1975, and, subsequently, sentenced the appellant, pursuant to § 13A-4-2
(d)(2), Code of Alabama 1975, for the Class B felony of an attempt to commit first-degree robbery, a Class A felony. These actions were erroneous. Petty, in accordance with the Alabama Supreme Court's holding in Reed v. State, 372 So.2d 876 (Ala. 1979), reversing 372 So.2d 872 (Ala.Cr.App. 1978), held that the general attempt statute, § 13A-4-2, is no longer applicable to robbery offenses. "The former crime of attempted robbery now constitutes robbery." Petty v. State, supra.
For aught that appears in the record, the factual circumstances of this case might support a conviction for any of the three degrees of robbery. The state is, of course, free to re-indict this appellant for the appropriate offense. Pettyv. State, supra.
For the reasons stated above, this cause is reversed and remanded for further proceedings not inconsistent with this opinion or with Petty and its progeny.
REVERSED AND REMANDED.
All the Judges concur.