Certiorari was granted in this case to review that part of the opinion of the Court of Criminal Appeals, 481 So.2d 1155, holding that petitioner was properly charged under the original indictment "after reversal of his plea of guilt to an offense which was no longer a lesser included offense under the indictment."
Petitioner was first tried under an indictment which charged him with first degree robbery. He pleaded guilty to "attempted robbery" after the indictment was amended to charge "attempted robbery." Wesley was then convicted and sentenced to a term of five years' imprisonment. He appealed. In Wesley v. State,448 So.2d 468 (Ala.Crim.App. 1984), the Court of Criminal Appeals reversed petitioner's conviction and remanded the case on the ground that, the general attempt statute no longer being applicable to robbery offenses, the crime of attempted robbery "now constitutes robbery." 448 So.2d at 469. See Code of 1975, § 13A-8-41; Petty v. State, 414 So.2d 182 (Ala.Crim.App. 1982);Reed v. State, 372 So.2d 876 (Ala. 1979). That court added:
 "For aught that appears in the record, the factual circumstances of this case might support a conviction for any of the three degrees of robbery. The state is, of course, free to reindict this appellant for the appropriate offense. Petty v. State, [414 So.2d 182 (Ala.Crim.App. 1982)]."
However, on remand, the State of Alabama did not reindict petitioner but put him to trial upon the original indictment for robbery in the first degree. Such a course was erroneous. The clerk's record in the first case establishes that, with the petitioner's consent, the indictment charging first degree robbery was amended to charge attempted robbery, and it was to the amended indictment charging attempted robbery that petitioner pleaded guilty and received the sentence of five years in the first case. Accordingly, petitioner pleaded guilty to a charge which at that time did not exist, and, accordingly, he could not be sentenced under such a void indictment. Pettyv. State, supra. It follows that when the State of Alabama chose to try petitioner again on the void amended indictment, his conviction was erroneous. However, as stated in Wesley,supra, the State of Alabama is free to reindict petitioner for the appropriate offense. Williams v. State, 333 So.2d 613 (Ala. 1976).
The judgment of the Court of Criminal Appeals is reversed, and this cause is remanded to that court for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and HOUSTON, JJ., concur.
ADAMS, J., not sitting.