McMILLAN, Judge.
The appellant was sentenced to fifteen years’ imprisonment following a conviction of criminal possession of a forged instrument in the first degree in violation of Section 13A-9-5, Code of Alabama (1975). He was convicted of altering a single $1.00 bill by attaching to it the corners of a $20.00 bill. The appellant argues that the indictment does not charge an offense. He charges that the altered dollar bill was a void instrument, as there is no bill issued by the Federal or State government which is a $1.00 bill with $20.00 corners. He cites Williams v. State, 333 So.2d 613 (Ala.1976), in support of is argument. The forged instrument in Williams was made and altered on a Sunday, and by virtue of statute, contracts made on Sunday were void. Therefore, the forged instrument was void. The transaction in the case sub judice was not void. The appellant attempted to pass a $1.00 bill with corners altered to give the appearance of a legitimate $20.00 bill. However, the bill nevertheless retains its value of $1.00 and without the altered corners would have been redeemable in its full amount ($1.00) because it represented greater than half of a $1.00 bill. United States v. Drumright, 534 F.2d 1383, 1385 (10th Cir.1976).
The appellant next contends that the evidence presented by the State was insufficient to support a conviction of criminal possession of a forged instrument in the first degree. He argues that the evidence at best would have warranted only a conviction of criminal possession of a forged instrument in the second degree. Section 13A-9-5, Code of Alabama (1975), states as follows:
“(a) A person commits the crime of criminal possession of a forged instrument in the first degree if he possesses or alters any forged instrument of a kind specified in Section 13A-9-2 with knowledge that it is forged and with intent to defraud.”
Section 13A-9-2, Code of Alabama (1975), defines forgery in the first degree as follows:
*182 (a) A person commits the crime of forgery in the first degree if, with intent to defraud, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
“(1) Part of an issue or series of stamps, securities or other valuable instruments issued by a government or governmental agency; or
“(2) Part of an issue or series of stock, bonds or other instruments representing interests in or claims against a business enterprise or its property.”
First, a determination must be made as to whether the altered $1.00 bill falls within the purview of Section 13A-9-2(l) or (2). The commentary to Sections 13A-9-2 through 13A-9-4. states that “[t]he Criminal Code does not specifically include the counterfeiting of ‘money,’ although it may be covered by the general definition of ‘written instrument’ under Section 13A-9-1(1).” Furthermore, a copy of the bill was included in the indictment and offered into evidence. It clearly indicates on its face that the bill was part of a series with a Federal Reserve number and serial number.
The appellant argues that Chillous v. State, 452 So.2d 907 (Ala.Cr.App.1984), and Griffin v. State, 428 So.2d 213 (1983), both support his argument that the altering of a single bill warrants only a conviction for criminal possession of a forged instrument in the second degree. Both of those cases, however, involved the altering of forged checks, which are directly classified under Section 13A-9-3, Code of Alabama (1975), as second degree offenses.
Having determined that the altered bill itself falls within the parameters of the statute, we must now address the evidence in the light most favorable to the prosecution. The testimony reveals that appellant ordered a cup of coffee at a sandwich shop and handed the cashier a crumpled taped bill. She noticed that the appellant appeared nervous. She also heard the appellant mention to another person standing in line that he was going to the bus station. The appellant left the store after receiving change for a $20.00. Approximately 30 minutes later, while checking the cash register, the cashier discovered that the taped bill was an altered $1.00 bill. She went to the bus station, saw the appellant, and called the police. After apprehending him, the arresting officer found tape and scissors in the appellant’s pockets.
The other cashier testified that no one had given her a taped bill and that the third employee had been working in the back of the shop. The testimony of the cashiers indicates that no other taped bills were in the cash register.
For the reasons stated above, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.