I do not believe that the trial court erred in enhancing the petitioner's sentence. In some respects, this case is similar to Wesley v. State, 481 So.2d 1155 (Ala.Cr.App. 1985), reversed and remanded, 481 So.2d 1162 (Ala. 1985), on remand,481 So.2d 1163 (Ala.Cr.App. 1985). In that case, Wesley was indicted for robbery in the first degree, and that indictment was amended to charge attempted robbery. He pleaded guilty to that charge, but his plea was set aside on appeal because the general attempt statute was no longer applicable to robbery offenses. Wesley v.State, 448 So.2d 468 (Ala.Cr.App. 1984). Wesley was retried on the same indictment, but for robbery in the first degree, and the Court of Criminal Appeals affirmed his conviction on that charge. This Court reversed that decision of the Court of Criminal Appeals, saying: "It follows that when the State of Alabama chose to try petitioner again on the void amended indictment, his conviction was erroneous. However, as stated inWesley, supra, the State of Alabama is free to reindict
petitioner for the appropriate offense. Williams v. State,
 *Page 16 333 So.2d 613 (Ala. 1976)." Ex parte Wesley, 481 So.2d 1162, 1163 (Ala. 1985) (emphasis added). Implicit in this holding is the idea that Wesley could receive a higher sentence than was imposed when he pleaded guilty, because he could be tried for robbery I.
Furthermore, charge and sentence concessions can be made when an accused voluntarily enters a plea of guilty, and the principles of North Carolina v. Pearce, 395 U.S. 711,89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), would not apply. Instead, the principles of Brady v. United States, 397 U.S. 742,90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), would apply. The Supreme Court of the United States held in Brady that sentence concessions may be made constitutionally when persons plead guilty. The Court held:
 "Brady's claim is of a different sort: that it violates the Fifth Amendment to influence or encourage a guilty plea by opportunity or promise of leniency and that a guilty plea is coerced and invalid if influenced by the fear of a possibly higher penalty for the crime charged if a conviction is obtained after the State is put to its proof.
 ". . . We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.
 ". . . For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious — his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated. For the State there are also advantages — the more promptly imposed punishment after an admission of guilty may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof. . . .
 ". . . But we cannot hold that it is unconstitutional for the State to extend a benefit to a defendant who in turn extends a substantial benefit to the State. . . ."
397 U.S. at 750-53, 90 S.Ct. at 1470-71.
Standard 14-1.8. of the American Bar Association Standards for Criminal Justice provides:
 "(a) The fact that a defendant has entered a plea of guilty or nolo contendere should not, by itself alone, be considered by the court as a mitigating factor in imposing sentence. It is proper for the court to grant charge and sentence concessions to defendants who enter a plea of guilty or nolo contendere when consistent with the protection of the public, the gravity of the offense, and the needs of the defendant, and when there is substantial evidence to establish that:
 "(i) the defendant is genuinely contrite and has shown a willingness to assume responsibility for his or her conduct;
 "(ii) the concessions will make possible alternative correctional measures which are better adapted to achieving protective, deterrent, or other purposes of correctional treatment, or will prevent undue harm to the defendant from the form of conviction;
 "(iii) the defendant, by making public trial unnecessary, has demonstrated genuine consideration for the victims of his or her criminal activity, by desiring either to make restitution or to prevent unseemly public scrutiny or embarrassment to them; or
 "(iv) the defendant has given or offered cooperation when such cooperation has resulted or may result in the successful prosecution of other offenders engaged in equally serious or more serious criminal conduct.
 "(b) The court should not impose upon a defendant any sentence in excess of that which would be justified by any of the protective, deterrent, or other purposes of the criminal law because the *Page 17 
defendant has chosen to require the prosecution to prove guilt at trial rather than to enter a plea of guilty or nolo contendere."
In this case, petitioner successfully attacked his guilty plea on the basis that the maximum possible sentence was not explained to him; his plea was not, therefore, knowingly and intelligently given.
It would appear to me that a petitioner should not be allowed to receive sentence concessions in return for a guilty plea and then, after a successful attack on that plea, bind the State to its original sentencing bargain if he is later convicted after a trial. Thus, a petitioner could go to trial and chance an acquittal knowing he could receive a sentence no harsher than he was originally given.
The facts of this case are dissimilar to North Carolina v.Pearce, in my opinion, and I would affirm the judgment of the Court of Criminal Appeals; consequently, I must respectfully dissent.
ADAMS, J., concurs.
 ON APPLICATION FOR REHEARING