BASCHAB, Presiding Judge.
The appellant, Dennis Ray Crane II, was indicted for attempted murder in case number CC-06-148 and first-degree robbery in case number CC-06-149. Pursuant to a negotiated agreement, he pled guilty to first-degree assault, a violation of § 13A-6-20(a)(l), Ala.Code 1975, in case number CC-06-148 and attempted first-degree robbery in case number CC-06-149. The trial court sentenced him to serve consecutive terms of twenty years in prison, but split the sentences and ordered him to serve five years followed by, five years on probation. The appellant filed a motion to withdraw his guilty plea in case number CC-06-149, which the trial court denied after conducting a hearing. This appeal followed.
Initially, with regard to case number CC-06-148, our review of the record indicates that, when the appellant entered his guilty pleas, he did not reserve the right to appeal any issues. Also, he did not file a motion to withdraw his guilty plea in case number CC-06-148. Therefore, the appellant did not reserve the right to appeal his guilty plea in case number CC-06-148. See Rules 14.4(a)(l)(viii) and 26.9(b)(4), Ala. R.Crim. P. Accordingly, we dismiss the appeal in case number CC-06-148.
In case number CC-06-149, the appellant was indicted for first-degree robbery, but pled guilty to attempted first-degree robbery. We addressed a similar situation in Casey v. State, 925 So.2d 1005, 1006 (Ala.Crim.App.2005), as follows:
“Casey was originally indicted for robbery in the first degree, and on February 28, 1983, he pleaded guilty to attempted robbery in the first degree.
He claims that the trial court had no jurisdiction to accept the plea because, he argues, the offense he was charged with and to which he pleaded guilty did not exist under Alabama law. In Petty v. State, 414 So.2d 182, 183 (Ala.Crim.App.1982), this Court said:
“ ‘Because the definition of robbery has been enlarged and expanded by the new criminal code, “the former offense of assault with intent to rob has been merged into the present offense of robbery.” [Marvin v. State, 407 So.2d 576, 579 (Ala.Crim.App.1981).] For this same reason the former crime of attempted robbery now constitutes robbery. Section 13A-8-43(a) adds a definition that extends robbery to include conduct which occurs in an attempt to commit a theft or in flight after the attempt or commission. Section 13A-8-40(b).’
“The State concedes that because Casey pleaded guilty to an offense that does not exist, his conviction is void and should be set aside. In Ex parte Wesley, 481 So.2d 1162, 1163 (Ala.1985), the Alabama Supreme Court held that the State may reindict an appellant for the appropriate offense of robbery; in Ex parte Wesley, the appellant had previously been charged with robbery in the first degree, but that charge had been amended pursuant to a guilty-plea agreement to charge the non-existent offense of attempted robbery. Thus, while the first indictment was improper and void, the State could properly charge an offense established by the evidence.”
See also Watkins v. State, 941 So.2d 343 (Ala.Crim.App.2006); Pilgrim v. State, 963 So.2d 697 (Ala.Crim.App.2006).
For the reasons set forth above, the trial court did not have jurisdiction to render a judgment and impose a sentence against *1256 the appellant for attempted first-degree robbery. Therefore, his conviction and sentence in case number CC-06-149 are void and must be set aside. However, the State may reindict the appellant for the appropriate offense of first-degree robbery. See Ex parte Wesley, supra; Casey, supra. Accordingly, we reverse the appellant’s conviction and sentence for attempted first-degree robbery in case number CC-06-149 and remand this case to the trial court for proceedings that are consistent with this opinion.[1]
APPEAL DISMISSED AS TO CASE NUMBER CC-06-148; REVERSED AND REMANDED AS TO CASE NUMBER CC-06-149.
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.

. Because of our disposition of this case, we pretermit discussion of the claim the appellant raises in his brief to this court.