PER CURIAM.
Linnie Bailey was convicted in the Rag-land Municipal Court of one count of harassment, a violation of a municipal ordinance of the City of Ragland (“the City”) incorporating § 13A-11-8, Ala.Code 1975. Bailey appealed to the St. Clair Circuit Court for a trial de novo, where she was again convicted of harassment following a bench trial. The circuit court sentenced Bailey to 30 days in the St. Clair County jail; her sentence was suspended and she was placed on 2 years’ unsupervised probation: She was also ordered to pay- court costs.
The following evidence was presented at the bench trial:
Deborah Kelly, Bailey’s neighbor, testified that Bailey lived at the house adjacent to her property approximately three or four months of the year. Kelly stated that Bailey’s property abuts against her property line. Kelly indicated that she and Bailey have had several disagreements in the past over the property line. Kelly stated that sometime in June 2011, a dispute arose because Bailey’s boat, which was kept at Bailey’s house straddled the property line so that, according to Kelly, the boat almost touched Kelly’s house. Kelly stated that the boat was blocking the fire escape on the rear of her house, so she asked Bailey to move the boat. Kelly stated that Bailey had parked the boat so that the “long nose part end of the trailer part” was protruding over the property line. (R. 85.) Kelly stated that Bailey had the property surveyed about three times and that Kelly then had the property surveyed once after that. On the day of the incident, Kelly stated that she asked Bailey to move her boat and Bailey responded that she would not move the boat. Kelly *500 then told Bailey that if she did not move her boat, she was going to cut off the part of the boat that was on her property. Following the conversation, Kelly turned to go inside and when she opened the door, her dog ran outside. Kelly’s niece was also sitting outside. Kelly then went to get the dog. Kelly claimed that Bailey was outside with the water hose, spraying her yard. Bailey then lifted the water hose and squirted Kelly’s dog, Kelly, and Kelly’s niece. Kelly stated that she was on her own property when Bailey sprayed her with the hose. Kelly filed a police report on July 1, 2011, regarding this incident. Kelly stated that she and Bailey have filed several police reports against each other. Kelly stated that her niece was not available to testify because she had just given birth two days before trial. The City then rested.
Bailey testified that she had purchased the house on the lake in Ragland in 2005. Bailey stated that she had been friends with Kelly, but that there had been a dispute over the property line from the time that she bought the house. Bailey stated that she and her husband surveyed the property when they purchased it, and they have had several surveys done since that time because of the encroachment issues. Bailey stated that she had filed several complaints with the Ragland Police Department against Kelly.
Bailey indicated that she filed a complaint on June 30, 2011; the police report was entered into evidence without objection. Bailey stated that, if an individual is facing the water, Kelly’s house was located to the left of her house and that there were no water spigots on that side of the road by her house. Bailey claimed that she had not returned to her lake house in Ragland because she fears being arrested on a false police report, which she claimed happened every time she went back to her lake house. Bailey stated that Kelly had also previously filed several claims against her. Bailey testified that, because she was initially friends with Kelly, she tried to deal politely with the encroachment issues; however, she would be unable to sell her house because of the existing encroachment issues. Bailey claimed that Kelly placed a table and chair onto Bailey’s property, from which she often made threats. According to Bailey, when Kelly made the present threat regarding her boat, Kelly was on Bailey’s property.
Bailey testified that she did not own a garden hose because she had a gardener who brought a hose with him when he watered her flowers. Bailey stated that she could not water the flowers, because of her health condition. Bailey claimed that she did not spray Kelly with a hose and that her husband was there on the day of the incident. Bailey testified that Kelly did not have a discussion with her, but she shouted and screamed demands that Bailey move her boat or that she would cut it. Bailey stated that Kelly was using an ear device and appeared to be talking to a police officer. Kelly told her that this warning would be her last.
According to Bailey, she had been afraid of Kelly in the past because when she arrived at the lake house late at night, Kelly would meet her at the table with a gun; however, she indicated that she had never filed a report against Kelly for threatening her with a gun because Kelly did not brandish the gun at her, but was attempting to see who was there. Bailey stated that she felt bullied and intimidated because Kelly’s husband was a police officer.
John Dewey Bailey, Jr. (“John”), Bailey’s husband, testified that he was at home with Bailey on June 30, 2011. John testified that Bailey was walking around the property looking at her plants and he *501 was on the upper deck of their two-story house. John stated that he then heard Kelly come over to their property and start yelling at Bailey to get the boat off her property. According to John, Bailey stated that Kelly came over and started acting crazy. John stated that they then telephoned the police and put the incident in a police report. John testified that he saw the whole incident and that Bailey never squirted Kelly with a water hose. John stated that they did not have a water spigot on the side of the house abutting Kell/s property. John stated that a man who lives up the street comes and weeds the yard and, if the flowers or plants got watered, the gardener would have been the one to water the plants. John stated that Bailey does not do yard work because of her health condition. John claimed that they had been dealing with Kelly and the encroachment issues since they built the house. Kelly had threatened him earlier on the same day, telling him that he was not welcome on that street, which he stated had been included in the incident report. John also testified that he had witnessed other incidents that caused him to be afraid of Kelly and her husband. John stated that he rarely goes to their house in Ragland because of the issues with Kelly.
After hearing all the testimony, the circuit court stated:
“Okay, You know, I’m looking at this Incident Report, Defendant’s Exhibit Number 1, dated 6-30-2011, and it says the victim is Linnie Gail Bailey. First sentence in this, signed by Ms. Bailey, says this: ‘On 6 — 3[0]—11 the victim stated that she was outside watering the plants.’ So Ms. Bailey, in the report that you entered into evidence it says you were standing outside watering the plants. I therefore find the defendant guilty. Thirty days suspended for a period of two years. Thank you.”
(R. 47.)
On October 16, 2011, Bailey filed a post-judgment motion to reconsider, arguing, among other things, that “there was insufficient evidence presented at trial” and “that because of the testimony of the two (2) witnesses, the State did not meet its burden of proving [Bailey] guilty beyond a reasonable doubt.” (C. 66.) On October 17, 2011, the circuit court denied Bailey’s motion to reconsider. This appeal follows.
On appeal, Bailey argues that there was insufficient evidence from which a rational fact-finder could have found her guilty of harassment beyond a reasonable doubt. Specifically, Bailey contends that the City failed to introduce the ordinance she was charged with having violated; that the testimony in the case was disputed, inadequate, and did not prove physical contact required by § 13A-ll-8(a)(l)(a), Ala.Code 1975; and that, even assuming Bailey did squirt Kelly, her action was not so provocative as to cause a reasonable person to fear for his safety and was not the type of egregious act contemplated by the statute. The City contends that Bailey failed to preserve the issue regarding the City’s failure to introduce the ordinance that Bailey was charged with violating because, in her posttrial motion to reconsider, she stated only that “‘there was insufficient evidence presented at trial,’ ” and “ ‘that because of the testimony of the (2) witnesses, the State did not meet its burden of proving the Defendant guilty beyond a reasonable doubt.’ ” Thus, the City argues, Bailey did not claim that the City failed to prove a prima facie case, which was the language required by the cases Bailey relied on in her brief. (City’s brief, at 18, citing C. 66.) The City also argues that the evidence presented at trial was *502 sufficient for a rational fact-finder to find Bailey guilty of harassment.
In considering an appeal from a bench trial, the standard for review is well established.
“ “When evidence is presented ore tenus to the trial court, the court’s findings of fact based on that evidence are presumed to be correct,’ Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994); ‘[w]e indulge a presumption that the trial court properly ruled on the weight and probative force of the evidence,’ Bradley v. State, 494 So.2d 750, 761 (Ala.Crim.App.1985), aff'd, 494 So.2d 772 (Ala.1986); and we make “ ‘all the reasonable inferences and credibility choices supportive of the decision of the trial court.’ ” Kennedy v. State, 640 So.2d 22, 26 (Ala. Crim.App.1993), quoting Bradley, 494 So.2d at 761. ‘ “ ‘Where evidence is presented to the trial court ore tenus in a nonjury case, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.’ ” ’ Ex parte Jackson, 886 So.2d [155] at 159 [ (Ala.2004) ], quoting State v. Hill, 690 So.2d 1201, 1208 (Ala.1996), quoting in turn Ex parte Agee, 669 So.2d 102, 104 (Ala.1995).
“However, ‘[t]he ore tenus presumption of correctness applies to findings of fact, not to conclusions of law.’ City of Russellville Zoning Bd. of Adjustment v. Vernon, 842 So.2d 627, 629 (Ala.2002). ‘[T]he ore tenus rule does not extend to cloak a trial judge’s conclusions of law, or incorrect application of law to the facts, with a presumption of correctness.’ Eubanks v. Hale, 752 So.2d 1113, 1144-45 (Ala.1999). ‘ “ ‘[W]hen the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment.’ ” ’ Ex parte Jackson, 886 So.2d at 159, quoting Hill, 690 So.2d at 1203, quoting in turn, Ex parte Agee, 669 So.2d at 104. Thus, we review the trial court’s conclusions of law and its application of law to the facts under the de novo standard of review.”
Washington v. State, 922 So.2d 145, 157-58 (Ala.Crim.App.2005).
In Ex parte Hall, 843 So.2d 746, 747-748 (Ala.2002), the Alabama Supreme Court stated:
“In Ex parte Maxwell, 439 So.2d 715, 716 (Ala.1983), a case involving the City of Mobile’s failure to introduce into evidence the ordinance Maxwell was charged with violating, this Court held:
“ ‘[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance. And it has been held when the city does not introduce the ordinance into evidence, it has failed to make out its case against the defendant and the trial court has erred in pronouncing the judgment of conviction.’ ”
In the present case, the record indicates that the City failed to introduce the municipal ordinance adopting the applicable state offense and, thus, failed to prove a requisite element of its case. Accordingly, based on the above-mentioned authority, if this issue was properly preserved for appellate review, then the City’s failure to introduce the ordinance requires a reversal of Bailey’s conviction.
It is well settled that “[t]he statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.” Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). Bailey contends that, based on the Alabama Supreme Court’s holdings in Ex parte Maxwell, 439 *503 So.2d 715 (Ala.1983), and Ex parte Hall, her specific objection in her postjudgment motion to reconsider was sufficient to place the trial court on notice of the defect in her case.
In Ex parte Maxwell, the defendant asserted, among other grounds on which he sought to exclude evidence, that the City of Mobile had “failed to prove a prima facie case,” and failed to prove the allegations in the indictment. The Maxwell Court then held that “[t]o preserve the issue for appeal it is necessary for [the] defendant to state his grounds moving to exclude the evidence; however, it is not necessary to draw the trial court’s attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make out a prima facie case.” 439 So.2d at 717.
In Ex parte Hall, the defendant filed a postjudgment motion for judgment of acquittal in which-he stated as one of his grounds that “insufficient evidence has been presented to support a finding that the defendant is guilty beyond a reasonable doubt.” 843 So.2d at 749. The Alabama Supreme Court found that “although Hall’s statement ... is not as perfectly phrased as the statement this Court endorsed in Maxwell, it was nevertheless ‘sufficient ... to put the trial court on notice of a defect in the city’s case, and, therefore, sufficient to preserve the issue for review.’ ” Id., citing Hanson v. City of Trussville, 539 So.2d 1082, 1084 (Ala.Crim.App.1988).
In Hanson, defense counsel made several arguments in a motion to exclude and motion for directed verdict, including that “ ‘[t]hey have not proven that my client is guilty of driving while revoked or suspended through the evidence.’ ” He did not specify the city’s failure to introduce into evidence the applicable ordinance. 539 So.2d at 1084. This Court stated that “[w]hile this statement is not exactly the statement that the Maxwell court held was necessary to preserve the issue in that case, we find it is sufficient, in this case, to put the trial court on notice of a defect in the city’s case and, therefore, sufficient to preserve the issue for review.” Id.
In the present case, like the appellants in Hall and Hanson, Bailey filed a postjudgment motion in which she alleged that “there was insufficient evidence presented at trial” and “that because of the testimony of the two (2) witnesses, the State did not meet its burden of proving the Defendant guilty beyond a reasonable doubt.” Thus, like the statement in Hall and Hanson, although Bailey’s statement is not phrased exactly as the objection was stated in Maxwell, it was sufficient to put the trial court on notice of a defect in the City’s case and, thus, was sufficient to preserve the issue for review.
Because the City failed to introduce into evidence the ordinance that adopted § 13A-11-8, Ala.Code 1975, the City failed to prove an essential element of its case. Accordingly, Bailey’s conviction must be reversed, and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH and KELLUM, JJ„ concur. BURKE, J., concurs specially, with opinion. JOINER, J., concurs in the result, with opinion.