JOINER, Judge,
concurring specially.
I concur fully in the main opinion. I write separately to address certain issues raised in the dissenting opinion and to note that I believe the current version of § 13A-11-52, Ala.Code 1975, is unconstitutional.
I.
I agree with the main opinion’s conclusion that whether City of Jacksonville Ordinance No. 0-514-10 adequately adopts or incorporates § 13A-11-52, Ala.Code 1975, is a nonjurisdictional question. I cannot reconcile the dissenting opinion’s conclusion to the contrary with our case-law, particularly Ex parte Maxwell, 439 So.2d 715 (Ala.1983), and, most recently, Bailey v. City of Ragland, 136 So.3d 498 (Ala.Crim.App.2013).
As the main opinion points out, neither Maxwell nor Bailey held “that a city’s failure to introduce a copy of the ordinance is a jurisdictional defect that may be raised ex mero motu by an appellate court.” 199 So.3d at 797. In a separate opinion concurring in the result in Bailey, I stated:
“Although the main opinion correctly applies the current law, I share the concerns Judge Burke discusses in his special concurrence regarding the reasoning of Ex parte Maxwell, 439 So.2d 715 (Ala.1983), which is dispositive of this case.
“The Alabama Supreme Court’s statement in Ex parte Maxwell that ‘in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance’ is supported by a number of cases. See Ex parte Maxwell, 439 So.2d at 716 (citing cases). Its conclusion regarding preservation, however, is not so well supported; indeed, none of the cases cited in Ex parte Maxwell addressed the degree of specificity that is required for a defendant to preserve this issue for review. In Jacobs v. City of Prichard, 46 Ala.App. 497, 243 So.2d 769 (1971), and Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874 (1924), there is no discussion of preservation, and in Felder v. City of Huntsville, 42 Ala.App. 488, 168 So.2d 490 (1964), the Alabama Court of Appeals reversed the conviction even though the defendant had stipulated that the ordinances existed and that they could ‘be introduced in evidence in this case without'further proof.’ It appears that many of, if not all, the eases cited 'in Ex parte Maxwell rested on the premise that the failure to ‘plead and prove the ordinance’ is a defect affecting the subject-matter jurisdiction of the circuit court. That premise, however, is no *804 longer valid. See, e.g,, Ex parte Seymour, 946 So.2d 536 (Ala.2006); see also Ex parte Bell, 978 So.2d 33, 34-35 (Ala.2007) (recognizing that, cases holding .that ‘proof of venue is jurisdictional’ are inconsistent -with Ex parte Seymour and have therefore been overruled).
“I agree with Judge Burke that a generalized objection that the prosecution has failed to make a prima facie case or that the evidence is insufficient should not preserve for appellate review the,specific objection that the prosecution failed to plead and prove the ordinance the defendant is charged with violating. I likewise urge the Alabama Supreme Court to overrule Ex parte Maxwell to the extent it holds that a defendant is not required to specifically object to the failure of the city to plead and prove the ordinance .in a criminal prosecution for violation of a city ordinance.”
136 So.3d at 505-06 (Joiner, J., concurring in the result).
. I continue to adhere to the position, as expressed in my special writing in Bailey, that a city’s failure to introduce a copy of the ordinance is not a jurisdictional defect. Of course, the instant case is distinguishable .from Bailey and Maxwell, because the City of Jacksonville introduced into evidence a copy of the. ordinance at issue. It stands to reason, however, that if the failure to introduce a copy, of the ordinance at issue is not a jurisdictional defect, the adequacy of the language in an ordinance that is introduced into evidence is not a jurisdictional defect.
In Bailey, even though a copy of the ordinance was not in the record, in the absence of the Maxwell line of decisions I would have affirmed the conviction at issue in that case on the basis that the appellant had not preserved the issue for review.[15] Even assuming the dissenting opinion’s reading of the ordinance in this case were correct, I fail to see how a non-admitted ordinance (such as in Bailey) presents a nonjurisdictional issue that may be waived, but a defectively worded ordinance (according to the dissenting opinion, the case here) presents a jurisdictional issue that may not be waived.
In my view — which, I think, is consistent with Ex parte Maxwell, supra—whether a city fails to prove the ordinance at issue (Bailey) or whether the ordinance introduced at trial adequately adopts a section of the Code of Alabama (Tulley), both are nonjurisdictional issues that may be waived if the appellant does not bring that issue to the attention of the trial court or, at a minimum, to the. attention of the appellate court. Here, Tulley has never argued — in the trial court, on appeal, or on rehearing — that the ordinance fails to allege an offense or that it fails to adopt § 13A-11-52, Ala.Code 1975. The dissenting opinion’s position that this is a jurisdictional issue is inconsistent with Ex parte Maxwell and, so far as I can determine, has no support in caselaw.
If carried to its logical conclusion, the dissenting opinion’s reading of the ordi *805 nance demonstrates that the dissenting opinion’s underlying objection to Tulley’s conviction is a particularized objection to the sufficiency of the City’s evidence — not to the subject-matter jurisdiction of the trial court. In accordance with its reading of the ordinance, the dissenting opinion states that “no law of this State or the City of Jacksonville provides a sentence for” the conduct prohibited by § 13A-11-52, Ala.Code 1975. 199 So.3d at 807 (emphasis added). If the dissenting opinion’s reading of the ordinance is correct, however, whether something is an “offense” against the City could turn on whether any municipality anywhere in Alabama has adopted an ordinance specifically imposing a punishment for a violation of § 13A-11-52, Ala.Code 1975. Thus, if the City of Jacksonville had introduced into evidence a copy of an ordinance from another municipality that imposed a punishment for violating § 13A-11-52, Tulley’s conviction presumably could stand under the reading advocated by the dissenting opinion.[16] This, in my view, makes even clearer the distinction of this case from Crane v. State, 964 So.2d 1254 (Ala.Crim.App.2007): In no event could the State in Crane have offered additional evidence or proof to establish that the defendant in Crane had committed the offense of “attempted robbery in the first degree.” Consequently, even under the dissenting opinion’s reading of the ordinance, this is merely an issue of proof that is waived if not objected to at trial or, at least, on appeal.
Finally, as to the dissenting opinion’s conclusion that Tulley preserved for appellate review the issue .whether the ordinance adopted § 13A — 11—52,, Ala.Code 1975, it bears repeating that Tulley has never challenged the ordinance’s adoption of § 13A-11-52, AkuCode 1975. Indeed, Tulley’s brief on application for rehearing states: “[T]he City of Jacksonville could not have legally prosecuted [Tulley] under an ordinance that adopted an unconstitutionally vague State firearm law.” (Tul-ley’s brief on application for reh’g, p. 5 (emphasis added).) As the main opinion explains, Tulley’s entire argument that § 13A-11-52- is unconstitutional rests on the assumption that the ordinance at issue adopts that statute. I do not see how Tulley’s specific constitutional objection— that the statute he alleged was adopted by the ordinance is void for vagueness — also put the trial .court or this Court on notice that the ordinance did not adopt that statute.
II.
The main opinion’s affirmance of Tul-ley’s conviction is grounded on the conclusion that the ordinance at issue includes an applicable punishment provision. I agree with the main opinion’s analysis and conclusion in that regard. As pointed out in footnote 14 of the main opinion, however,
“[§] 7 of Act No. 2013-283, Ala. Acts 2013, which became effective after Tul-ley’s conviction and sentence, added the following provision, which is codified at § 13A-ll-61.3(g)(10), Ala.Code 1975:
“‘The adoption or enforcement by a county or municipality of ordinances which make the violation of a state firearm law a violation of an ordinance, provided that the elements of the local ordinance may not differ from the state firearm law, nor may the local ordinance impose a higher penalty than what is imposed under the state firearm law.’
“(Emphasis added.)”
*806 199 So.3d at 802-03 n. 14. Whether the legislature consciously intended for it do so, § 13A-ll-61.3(g)(10), Ala.Code 1975, now prohibits counties and municipalities from enforcing the current § 13A-11-52, Ala.Code 1975, and so far as I can determine, no other punishment provision exists for a violation of the current version of § 13A-11-52, Ala.Code 1975. Accordingly, I believe that, assuming it is properly challenged, § 13A-11-52, Ala.Code 1975, is unconstitutional.

. I recognize that, for all that appeared in the record in Bailey, the ordinance at issue there might have purported to adopt the Code of Hammurabi, Emerich de Vattel’s The Law of Nations, or “Mr. Herbert Spencer’s Social Statics,” see Lochner v. New York, 198 U.S. 45, 75, 25 S.Ct. 539, 49 L.Ed. 937 (1905) (Holmes, J„ dissenting). This Court, however, regularly refuses to consider issues not preserved for appellate review, and we do so without regard to whether those issues are meritorious. Just as "[j]udges are not like pigs, hunting for truffles buried in briefs,” United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991), this Court typically does not canvass the record in search of a non-preserved, nonjurisdictional error on which to reverse the judgment before us.

. The effect of this position would permit the City of Jacksonville to enforce ordinances adopted by any municipality in Alabama.