BURKE, Judge,
dissenting.
I respectfully dissent from the majority’s decision to overrule Tulley’s application for rehearing and to affirm the judgment of the circuit court. Specifically, I disagree with the main opinion’s conclusion that an applicable punishment provision exists.
I.
The main opinion states that “Tulley was charged with violating City of Jacksonville Ordinance No. 0-514-10, which adopts § 13A-11-52, Ala.Code 1975,” 199 So.3d at 782 n. 1, and that “subsection (c) of Ordinance No. 0-514-10 declares that the conduct proscribed by § 13A-11-52, Ala.Code 1975, is an offense against the City, and subsection (d) of that same ordinance includes a provision for punishment for that offense.” 199 So.3d at 798. I find that those statements are incorrect on their face and that Part II of the main opinion rests entirely on the faulty premise that Ordinance No. 0-514-10 adopts § 13A-11-52 and thus provides the applicable punishment provision.
“‘Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.’ Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001). ‘[T]he fundamental rule [is] that criminal statutes are construed strictly against the State.’ Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala.2000).”
Ankrom v. State, 152 So.3d 373, 379 (Ala.Crim.App.2011), aff'd 152 So.3d 397 (Ala.2013).
Subsection (d) of Ordinance No. 0-514-10 provides, in relevant part:
“(d) A person convicted of a violation of this section shall be punished by a fine not exceeding $500.00 or by imprisonment in the city jail or hard labor for a period not exceeding six months, or by any combination.... ”
(Emphasis added.) Thus, in order for the punishment provision found in subsection (d) to have any application, a person must be convicted of violating “this section,” i.e., the person must be convicted of violating some specific part of Ordinance No. 0-514-10.
The main opinion states that Tulley was convicted of violating subsection (c) of Ordinance No. 0-514-10, which provides:
“(c) Any person committing within the corporate limits of the city, or within its police jurisdiction, an offense as defined by section 1SA-1-2 of the Alabama Criminal Code, which offense is not declared by a law of the state to be a felony, misdemeanor or violation shall be guilty of an offense against the city.”
(Emphasis added.)
Section 13A-1-2(10), Ala.Code 1975, defines an “offense” as “[cjonduct for which a sentence to a term of imprisonment, or the death penalty, or to a fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state.”
Again, to constitute an “offense” under § 13A-1-2 there must be “conduct for which a sentence ... is provided,” and a person must commit “an offense as defined *807 by section 13A-1-2” to be convicted of violating subsection (c) of Ordinance No. 0-514-10. The conduct at issue in the present case is a person’s “carrying] a pistol about his person on premises not his own or under his control.” As stated in the main opinion, § 13A-11-52 does not provide a sentence for that conduct, and Ordinance No. 0-514-10 makes no mention of that conduct. Thus, no law of this State or the City of Jacksonville provides a sentence for that conduct. Accordingly, that conduct is not an “offense,” as defined by § 13A-1-2. Therefore, contrary to the statements in the main opinion, subsection (c) of Ordinance No. 0-514-10 — which adopts only “offense[s] as defined by section 13A-1-2” — does not “adopt[ ] § 13A-11-52, Ala.Code 1975,” nor does it “de-claren that the conduct proscribed by § 13A-11-52, Ala-Code 1975, is an offense against the City.” 199 So.3d at 798. Because subsection (c) of Ordinance No. 0-514-10 does not adopt § 13A-11-52, subsection (d) of Ordinance No. 0-514-10 does not provide an applicable punishment provision and no other applicable punishment provision exists.
To support its conclusion that Ordinance No. 0-514-10 adopts § 13A-11-52, the main opinion attempts to rely on the clause “which offense is not declared by a law of this state to be a felony, misdemeanor or violation.” See Ordinance No. 0-514-10(c) (emphasis added); see also Tulley, 199 So.3d at 798. However, that clause still requires an “offense,” i.e., “conduct for which a sentence ... is provided.” The main opinion concludes that the punishment provision in Ordinance No. 0-514-10(d) — which is applicable only if there is a “violation of this section” — provides the required sentence and turns conduct that does not otherwise have a sentence provided into an “offense” under Ordinance No. O-514-10(c) and, thus, turns that conduct into a violation of “this section.” That conclusion appears to be reached by circular reasoning.
II.
I further find that this issue implicates the jurisdiction of the circuit court and, thus, could be raised at any time. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (stating that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu”).
In the municipal court, the complaint filed by Officer James Clayton charged Tulley, as follows:
“Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath the he/she has probable cause for believing and does believe that Jason Dean Tulley, Defendant, whose name is otherwise unknown to the complainant, did on or about March 31 2011, commit the offense of Carrying a Pistol on Premises not His Own within the City/Town of Jacksonville, or in the police jurisdiction thereof in that he/she did:
“While at or near, to-wit: First Educators Credit Union, 815-D Pelham Road South, Jacksonville, AL, Jason Dean Tulley, did carry a pistol about his person on premises not his own or under his control, in violation of Ordinance Number O-5H-10 which embraces Section 13A-11-52, Code of Alabama 1975, previously adopted, effective and in force at the time the offense was committed.”
(C. 10 (emphasis added).)
Likewise, after Tulley appealed his municipal conviction to the circuit court, the prosecutor charged Tulley, as follows:
“Plaintiff, City of Jacksonville, a Municipal Corporation of Alabama, by its *808 attorney, complains of the above-named defendant, Jason Dean Tulley, that on or about March 31, 2011, said defendant, within the corporate limits of or police jurisdiction of the City of Jacksonville, County of Calhoun, State of Alabama, and contrary to the 1975 Code of Alabama, Section 13A-11-52, as incorporated by Ordinance No. 198 of the City of Jacksonville,[17] which was and is in full force and effect at the time first above mentioned, did commit the offense of Carrying a Pistol on Premises not His Own, contrary to law and against the peace and dignity of the State of Alabama and the City of Jacksonville.
“Plaintiff further avers that, after trial in the Municipal Court of the City of Jacksonville, the defendant was fined $50.00 and assessed court costs of $200.00.
“Wherefore, Plaintiff demands that Defendant be punished accordingly.”
(C. 6 (emphasis added).)
Ultimately, the circuit court found that Tulley was “guilty as charged.” (C. 106.) However, the trial court does not have jurisdiction to convict a person of an offense that does not exist. See Crane v. State, 964 So.2d 1254 (Ala.Crim.App.2007) (holding that the. defendant’s guilty plea to attempted first-degree robbery was a plea of guilt to an offense that did not exist, and, thus, the trial court lacked jurisdiction to enter a conviction for attempted first-degree robbery, and the conviction was void).
As explained above, Ordinance No. O-514-10 does not embrace or incorporate § 13A-11-52. Thus, Tulley could not be convicted of violating Ordinance No. O-514-10 as it embraces or incorporates § 13A-11-52 because no such offense exists. Therefore, the circuit court did not have jurisdiction to render a judgment or to impose a sentence against Tulley for that nonexistent offense. Accordingly, Tulley’s conviction and sentence are void and must be set aside.
Contrary to implications of the main opinion and Judge Joiner’s special concurrence, it is not my contention that Ordinance No. 0-514-10 is invalid or that it is somehow “defectively worded” or otherwise inadequate on its face. As far as the record reflects, Ordinance No. 0-514-10 is a perfectly valid ordinance. However, Ordinance No. 0-514-10 simply does not adopt § 13A-11-52. “Whether the Jacksonville City Council, which enacted Ordinance No. 0-514-10, meant for it to adopt § 13A-11-52 is irrelevant and is not for this Court to decide. Based on the face of the ordinance,- the City Council did not adopt '§ 13A-Í1-52, and we must assume that the City Council did not mean to adopt it. Ordinance No. 0-514-10 either adopts § 13A-11-52 or it does not adopt § 13A-11-52. Ordinance No. 0-514-10 does not attempt to adopt § 13A-11-52 but in an insufficient manner as if the ordinance contains some mere scrivener’s error.
Furthermore, cases like Ex parte Maxwell, 439 So.2d 715 (Ala.1983), and Bailey v. City of Ragland, 136 So.3d 498 (Ala.Crim.App.2013), are not relevant to determining whether the issue in the present case is jurisdictional. Maxwell and Bailey both address whether a general objection to the sufficiency of the evidence preserves for appeal the issue of failing to introduce into evidence a copy of the City ordinance at trial. I wrote specially in Bailey, noting that a general sufficiency objection at trial is unlikely to bring'to the judge’s'attention the prosecution’s failure to introduce the *809 municipal ordinance. I certainly appreciate the humor in Judge Joiner’s mention of my writing in Bailey in his special concurrence, and, I would further note how correct he was to concur in the result in Bailey. However, a correct reading of my writing in Bailey actually undermines, not bolsters, the main opinion.
My writing in Bailey addressed the issue of the prosecution’s failure to introduce a copy of the ordinance lohich properly adopted a portion of the Alabama Criminal Code as an offense against the City. The issue in Bailey involved a matter of proof. In the matter at hand, however, the prosecutor introduced a copy of the ordinance into evidence that failed to adopt that portion of the Alabama Criminal Code under which Tulley was convicted. Thus, the issue before us in this case involves a matter of jurisdiction. Therefore, the facts and law of the present mattei; are completely different from those in Bailey.
Whether Tulley was convicted of an extant crime against the City has nothing to do with whether Ordinance No. 0-514-10 was introduced into evidence at trial. In fact, Ordinance No. 0-514-10 was introduced at trial. As Judge Joiner’s writing notes, when the prosecution fails to introduce an ordinance, the court is left wondering what the ordinance adopts. However, unlike that situation, in the present case, we know exactly what Ordinance No. 0-614-10 adopts. Specifically, the ordinance adopts “offense[s] as defined by section 13A-1-2 of the Alabama- Criminal Code,” which does not include § 13A-11-52. Contrary to the assertion in the main opinion, this case does not present “an issue of proof, like the questions in Maxwell and Bailey.” 199 So.3d at 798. Tulley was convicted of violating Ordinance No. 0-514-10 as it embraces or incorporates § 13A-11-52. It would be impossible for the City to prove that crime because it does not exist. If the premise of the main opinion is correct, it would allow a citizen of this State to be convicted for actions that do not constitute a crime under the plain language of the law. This issue implicates the jurisdiction of the circuit court and renders Tulley’s conviction void.
III.
Moreover, even if this issue did not implicate the jurisdiction of the circuit court and, assuming arguendo that this issue is an issue of proof, I find that this issue was sufficiently preserved for appellate review and provides a basis for reversing the circuit court’s judgment. I conclude that this issue was preserved for two reasons: (1) Tulley’s argument before the trial court was sufficiently specific to preserve this issue for review, and (2) under Maxwell and its progeny, Tulley’s general objection to the sufficiency of the evidence was sufficient to preserve this issue for review.
A.
As the main opinion recognizes, one of Tulley’s primary arguments before the circuit court and this Court was that he could not be convicted and sentenced because there is no punishment provision applicable to a conviction involving the conduct proscribed by § 13A-11-52. The City’s only response to that argument was that the general sentencing provisions in §§ 13A-5-4, 13A-5-7, and 13A-5-12 provide a punishment for a violation of § 13A-11-52. However, as the main opinion correctly finds, that response is without merit. The idea that Ordinance No. 0-514-10 provides the applicable punishment provision was first brought up for consideration by this Court in our unpublished memorandum, which we have now withdrawn.
It is well settled that, to preserve an issue for appellate review, an argument *810 must “put the trial court on notice of the substance of the alleged error and thereby provide[ ] that court an opportunity to correct it.” Ex parte R.D.W., 778 So.2d 426, 428 (Ala.2000).
Tulley’s arguments before the circuit court put the circuit court on sufficient notice that there must be an applicable punishment provision in order to convict and sentence him for committing an act proscribed by § 13A-11-52 and that no such punishment provision exists. Tulle/s argument before the circuit court focused on the fact that § 13A-11-52 does not provide a punishment provision, and his reply to the City’s response to his argument focused on the only argument presented by the City: that the general sentencing provisions in §§ 13A-5-4, 13A-5-7, and 13A-5-12 provide a punishment for a violation of § 13A-11-52 — an argument this Court now holds is without merit. Though the circuit court did not state the specific basis of its decision to deny Tul-ley’s motion to dismiss, it appears that the circuit court accepted the City’s- argument and mistakenly believed that the general sentencing provisions in §§ 13A-5-4, 13A-5-7, and 13A-5-12 provide a punishment for a violation of § 13A-11-52.
By citing the sentence imposed by the circuit court, the main opinion dismisses any inference that the circuit court mistakenly believed that the general sentencing provisions in §§ 13A-5-4, 13A-5-7, and 13A-5-12 provide a punishment for a violation of § 13A-11-52. See Tulley, 199 So.3d at 795. However, the sentence imposed by the circuit court actually reinforces the inference that the court mistakenly believed the City’s argument. At the end of the trial, the circuit court stated that it found Tulley “guilty of this violation.” (R. 37.) Then, the circuit court proceeded to sentence Tulley to 30 days in prison and to pay a $200 fine.
Section 13A-5^1(c), Ala.Code 1975, provides:
• “Every violation defined in this title is expressly designated as such. Any offense defined outside this title without specification as to punishment or as to felony or misdemeanor is a violation.”
Section 13A-5-7(b), Ala.Code 1975, provides:
“Senténces for violations shall be for a definite term of imprisonment in the county jail, not to exceed 30 days.”
Section 13A-5-12(b), Ala.Code 1975, provides:
“A sentence to pay a fine for a violation shall be for a definite amount, fixed by the court, not to exceed $200, or any amount not exceeding double the pecuniary gain to the defendant or loss to the victim caused by the commission of the offense.”
Again, Ordinance No. O-514-10(d) provides, in relevant part:
“A person convicted of a violation of this section shall be punished by a fine not exceeding $500.00 or by imprisonment in the city jail or hard labor for a period not exceeding six months, or by any combination....”
Thus, the maximum sentence under Ordinance No. O-514-10(d) is 6 months in prison and a $500 fine, and the maximum sentence for a violation under §§ 13A-5-4, 13A-5-7, and 13A-5-12 is 30 days in prison and a $200 fine. The circuit court found Tulley “guilty of this violation” and sentenced him to 30 days in prison and a $200 fine. Although the main opinion correctly states that “the sentence the circuit court imposed is within the range of punishment authorized by Ordinance No. O-514-10 and § 11-45-9, Ala.Code 1975,” it is certainly reasonable to infer that the circuit court did not coincidentally sentence Tulley under Ordinance No. 0-514- *811 10(d) to the maximum allowed under §§ 13A-5-4,13A-5-7, and 13A-5-12. It is much more likely that the circuit court mistakenly accepted the City’s only argument, i.e., that the general sentencing provisions in §§ 13A-5-4, 13A-5-7, and 13A-5-12 provide a punishment for a violation of § 13A-11-52.
In any event, the circuit court incorrectly decided that, as a matter of law, an applicable punishment provision exists. I find that Tulley was not required to bring up and address every incorrect argument concerning the possible existence of an applicable punishment provision, including the argument that Ordinance No. 0-514-10 provides the applicable punishment provision, which was first raised by this Court on appeal. The circuit court was on notice of the alleged error, i.e., the lack of an applicable punishment provision, and the circuit court had the opportunity to address that issue. I find that the circuit court incorrectly decided that an applicable punishment provision exists. I further find that because no applicable punishment provision exists, Tulley’s conviction and sentence should be reversed.
B.
Furthermore, assuming that this issue presents an issue of proof rather than an issue of jurisdiction, under Maxwell, the issue was preserved for appellate review by Tulley’s general objections to the sufficiency of the evidence, which he made at the close of the City’s case and in his posttrial motion for a judgment of acquittal. (C. 98; R. 24.) In fact, the main opinion states that this issue “is an issue of proof, like the questions in Maxwell and Bailey.” Tulley, 199 So.3d at 798. In Ex parte Townsend, 793 So.2d 835 (Ala.2000), the Alabama Supreme Court made clear that the burden is on the City, not the defendant, to prove that the crime exists. The Court stated that “the purpose of the requirement stated in Maxwell ... is to have the prosecuting authority prove the existence of the law under which the defendant is being prosecuted.” Townsend, 793 So.2d at 837-38. Judge Joiner’s special writing concludes that if my reading of Ordinance No. 0-514-10 is correct, the City could prove that the crime exists by “introduc[ing] into evidence a copy of an ordinance from another municipality that imposed a punishment for violating § 13A-11-52.” If that conclusion is correct, the burden was on the City to introduce that ordinance from another municipality. To the extent that the City failed to introduce that ordinance, the City did not meet its burden of proving the existence of the crime and the rules of preservation set forth in Maxwell apply. Therefore, this issue is preserved for this Court’s review.
IV.
In sum, I conclude that Ordinance No. 0-514-10 does not adopt § 13A-11-52; thus, Tulley was convicted of a crime that does not exist. The circuit court did not have jurisdiction 'to convict Tulley of a nonexistent crime. Accordingly, Tulley’s conviction is void and must be set aside. Moreover, if this issue is not' jurisdictional and, instead, is an issue concerning the City’s failure to prove its case, I find that this issue was preserved for this Court’s review and that the City failed to prove its case; thus, Tulley’s conviction should be reversed.
Based on the foregoing, I respectfully dissent.

. Before trial, the prosecutor orally amended his charge to reflect that the correct municipal ordinance is Ordinance No. 0-514-10, not Ordinance No. 198, (R. 7.)