Ex parte DAVIS.   (3 Div. 294.)

(Supreme Court of Alabama.   June 7, 1917.)

MUNICIPAL CORPORATIONS ⬥111 (1)—ORDI-NANCES—ADOPTION BY REFERENCE.

Under Acts 1909, pp. 174, 175, providing that the towns and cities of the state shall have authority to adopt ordinances not inconsistent with the laws of the state to suppress traffic in such beverages as the law of the state prohibits to be manufactured, sold, etc., a city ordinance providing that any person, etc., committing an offense in the city declared to be a misdemeanor by any prohibition law, etc., shall upon conviction be fined and may also be imprisoned, was valid.

Sayre, J., dissenting.

Certiorari to Court of Appeals.

Arthur Davis was convicted in the recorder's court of a violation of the prohibition laws, and he appealed to the city court of Montgomery, which ordered his discharge, and from that judgment the city appealed to the Court of Appeals, where the cause was reversed and remanded (74 South. 730[1]), whereupon defendant petitioned for certiorari to review and revise the judgment of the Court of Appeals.   Certiorari denied.

L. A. Sanderson, of Montgomery, for appellant.   W. E. Andrews, of Montgomery, for appellee.

MAYFIELD, J.   Petitioner, Arthur Davis, was convicted in the recorder's court of the city of Montgomery of the violation of an ordinance of the city of Montgomery relating to prohibition.   From the judgment of conviction he appealed to the city court of Montgomery, where, on a trial de novo, he was discharged; the city court holding that the ordinance in question was void and, would not support a conviction.   The city thereupon appealed to the Court of Appeals, which court reversed the judgment of the city court.

Defendant petitioner makes this application for the writ of certiorari to the Court of Appeals, issuable out of the Supreme Court, to the end that this court may review the decision and reverse the judgment of the Court of Appeals.   The sole question of law thus presented to us, is the validity vel non of the ordinance under which defendant was charged and convicted.   The ordinance in question reads as follows:

"Section 1. That any person, firm or corporation or association committing an offense in the city of Montgomery, or within the police jurisdiction thereof, which is declared to be a misdemeanor by any prohibition law or laws of the state of Alabama, enacted to promote temperance and to suppress the evils of intemperance shall upon conviction be fined not less than fifty, nor more than one hundred dollars, and may also be imprisoned or sentenced to hard labor for a period not exceeding six months, one or both at the discretion of the court."

The objections urged against the validity of the ordinance are (1) that a municipality cannot, without express legislative authority, thus adopt the criminal laws or statutes of the state, even as to one given subject; and (2) that no such authority has been so conferred.

There is no doubt that municipal corporations in this state have the power to regulate, control, or even to prohibit, the manufacture, sale, and disposition of intoxicating liquors, and to pass appropriate and reasonable ordinances to prevent evasions, and aid in the enforcement of the prohibition laws, within their respective territories, provided such ordinances are not inconsistent with the state statutes or laws.   If there was ever a doubt on this subject, it was settled by the general statute of August 25, 1909, providing in part as follows:

"That the governing body of towns and cities of the state shall have and may exercise full power and authority to adopt ordinances not inconsistent with the laws of the state to promote temperance and to suppress intemperance, and to suppress the traffic in such beverages as the law of the state prohibits to be manufactured, sold or otherwise disposed of, and to prevent evasion of such ordinances, etc. * * * That the enactment of this statute shall not be taken as a legislative declaration that such cities and towns do not now have such powers under the municipal laws of the state, nor shall this act be construed as limiting or diminishing the police powers of the towns and cities of the state under existing laws, the purpose of the statute being to confer the said powers in express terms, and to remove any question as to their existence." Gen. Acts 1909, pp. 174, 175.

The cities having thus been given the express power, the next, and the only remaining, question is: Was the ordinance in question properly enacted?   It is insisted by defendant, the petitioner here, that it was not so passed or ordained, in that the city, or its governing board or officers, cannot enact an ordinance by merely adopting some state laws or statutes en bloc or en masse, as was done or attempted to be done in this instance.   The ordinance in question provides, in short, that any person within its territory who violates any of the prohibition laws of the state, where such violation constitutes a misdemeanor under the prohibition laws of the state, shall also be guilty of a violation of the ordinance, and, on conviction, shall be

punished by a fine not to exceed $100, and, in addition, may be imprisoned or sentenced to hard labor for a period not to exceed six months.

An ordinance of the city of Birmingham, adopted after the passage of that here in question, was construed, and held void, in the case of Kreulhaus v. Birmingham, 164 Ala. 623, 51 South. 297, 26 L. R. A. (N. S.) 492, on the ground that the offenses declared were not by the ordinance itself made "clear, certain, and definite," and therefore that the ordinance had not been duly promulgated. That ordinances of that kind can alone be looked to, in determining the question whether they are sufficiently clear, certain, and definite, several supporting decisions are in that case cited, and reviewed, to establish. The trial court in this case no doubt followed the decision in the Kreulhaus Case, when it held the ordinance in question void. In a more recent case, that of Sloss-Sheffield Co. v. Smith, 175 Ala. 260, 57 South. 29, an ordinance of the city of Birmingham very similar to the one considered in the Kreulhaus Case was upheld, without overruling the prior case, but the two cases were distinguished. However, two of the Justices dissented, and the Chief Justice was not sitting. The Court of Appeals in this case followed and cited the more recent decision of the Supreme Court, evidently holding, in effect, if not in terms, that it overruled the Kreulhaus Case; and the insistence was made by counsel for the city in the Court of Appeals, and is renewed here, that the Kreulhaus Case is in effect overruled by the Sloss-Sheffield Case, 175 Ala. 260, 57 South. 29.

While the two cases were distinguished in the latter case, yet the decision of the Court of Appeals cannot be sustained, if the decision in the Kreulhaus Case is to stand. As was pointed out in the opinion by McClellan, J., in the Sloss-Sheffield Case, supra, the ordinance there being considered (and consequently, we interpolate, the one here being considered) can be upheld as a reference ordinance, which doctrine was denied in the Kreulhaus Case, where it is said:

"Municipal quasi criminal ordinances, as well as ordinances of a different character, must be clear, certain, and definite, and duly promulgated. In determining what are offenses against a municipality, regard can be had to the ordinances of the municipality only. We do not deny the power to adopt a definite code of laws in a body, but in such cases the code of laws adopted must be adopted as a whole, or some definite rule provided for discriminating between those parts included and those excluded."

In the Sloss-Sheffield Case, 175 Ala. 265, 57 South. 30, it was said:

"The ordinance under consideration would constitute municipal offenses of the violation of the misdemeanor statutes of the state. Of its purpose there could be no doubt. In its form this ordinance falls within the category called, in respect of statutes, 'reference statutes.' It refers with absolute certainty to the misdemeanor statutes of the state."

That opinion cites the cases and authorities upholding "reference statutes," and holding that such statutes do not violate constitutional provisions prohibiting duplicity in titles of bills and in the subject-matter of statutes, nor provisions prohibiting the amendment or the re-enactment of statutes, except by setting out at length the law as amended; and it is there held that the same reasons, principles, and rules of construction that support "reference statutes" would uphold "reference ordinances." It is also settled law, according to text-writers and the adjudicated cases, that constitutional provisions similar to the ones above noted, and to those embraced in section 45 of our Constitution, do not apply to ordinances, but are limited to bills and acts of the Legislature. There are some few cases holding otherwise, but the great number and weight hold that such provisions have no application to ordinances. Dillon on Mun. Corp. § 577; McQuillin on Mun. Corp. 681.

Of course the constitutional provisions in terms include ordinances of municipal corporations; but, if the charters of the corporations so provide, then, of course, a different rule prevails. As the Constitution and the statutes of this state prevent municipal corporations from enacting laws inconsistent with the state laws, and also authorize state and municipal laws condemning the same act and making a given act an offense both against the state and against the municipality, we can see no valid constitutional or statutory objection to the passage of ordinances like the one in question, though the statutes must be resorted to, in order to determine whether or not a given ordinance is violated. And the Constitution and the statutes must be consulted in determining whether a given ordinance is valid or is void. If it is inconsistent with either, then under the laws of this state it is void.

If the ordinance must be consistent with the statutes, then we see no objection to the theory that an ordinance may follow the statutes, by adopting them, as was done in this case (in so far as a statutory offense can be made an offense against the municipality), without setting out in the ordinance the statutes so adopted. It could not, by so embodying the adopted laws, be rendered any more certain or definite, because it cannot be inconsistent with the statutes, and must in legal effect follow them if it deal with the same subject. It might be more convenient for the ordinance to set out, in effect, at least, the statute or statutes which it adopts; but it would even then be necessary to refer to the statute to test the validity of an ordinance which dealt with the same subject.

Certiorari denied. All the Justices concur, except SAYRE, J., who dissents.

SAYRE, J. It ought to be noted that in terms the ordinance condemned in Kreulhaus

v. Birmingham, 164 Ala. 623, 51 South. 297, 26 L. R. A. (N. S.) 492, was much broader than the ordinance here in question. The terms employed in that ordinance comprehended, as we then noted, scores of offenses which had no relation to the purposes for which municipalities are chartered and besides some which lay more vaguely upon the border line. In that case the court held that it was not the business of the courts to amend municipal ordinances on their own idea of what they were intended to accomplish and so make them conform to the powers conferred by municipal charters, that penal ordinances ought to define the offenses they undertake to punish, in order that the citizen who would abide by the law may not be required, at the peril of becoming a criminal, to settle for himself questions which frequently puzzle the courts. There was no intimation of the idea that an ordinance which would follow a statute must "set out" the statute, nor did anyone in the consideration of that case entertain the notion that section 45 of the Constitution was in anywise involved. The decision was that a criminal ordinance should define the offense it seeks to punish so that the people who live under it may know what is prohibited and what they are required to do. The ordinance here in question by no means goes as far as did the ordinance considered in the Kreulhaus Case. There is in fact a broad line of distinction between them; but since the majority opinion will not recognize the difference, I have thought it proper again to state my views.