PATTERSON, Judge.
The appellant, E.T. Ill, appeals from the juvenile court’s adjudication finding him de *509 linquent. He asserts that the juvenile court erred by denying his motion for a judgment of acquittal. We reverse this adjudication on alternative holdings. These alternative holdings are necessary because of the confusion in the record as to what underlying offense the juvenile court based its adjudication of delinquency on.
The confusion stems from the trial judge’s statements in the record that signify his apparent belief that E.T. was charged with committing a different offense than the petition in fact charged. The delinquency petition in this ease charged that E.T. violated § 13A-11-52, Code of Alabama, 1975. That statute reads, in pertinent part, as follows: “Except as otherwise provided in this article, no person shall carry a pistol about his person on premises not his own or under his control.” However, at the beginning of the hearing on the petition, the juvenile court stated, “We’re here for trial on the issue of carrying a pistol without a permit[1]. Are there other charges also to be tried at this time?” (Emphasis added.) Although the prosecutor answered that there were not any other charges, she argued at the close of the testimony that the prosecution had presented sufficient evidence to find beyond a reasonable doubt E.T. “guilty of carrying a pistol on premises not his own.” (Emphasis added.) Immediately thereafter, the juvenile court stated, “It’s the opinion of this Court after hearing the evidence that the juvenile, [E.T.], is guilty of carrying a pistol without a permit_” (Emphasis added.) The judgment entry for the court’s adjudication of delinquency does not clear up this discrepancy; it is merely a generic form that generally states that the juvenile court found “that the allegations in the petition are true beyond a reasonable doubt.”
Despite this confusion, we need not remand this case for the juvenile court to elarify which of the two offenses it found E.T. to have committed. As is apparent from our discussion below, under either alternative, i.e. either offense, the judgment is due to be reversed.
I.
Assuming that the juvenile court adjudicated E.T. delinquent on a finding that E.T. had committed the offense of carrying a pistol on premises not his own, § 13A-11-52, E.T. is correct in his assertion that the juvenile court erred in denying his motion for a judgment of acquittal. The Alabama Supreme Court interpreted a former codification of this prohibition to apply only to the carrying of a pistol on the private property of others — not on any public property. Isaiah v. State, 58 So. 53 (Ala.1911).[2] The uncontro-verted evidence established that E.T.’s alleged carrying of the pistol occurred on a public street; no evidence, direct or circumstantial,- was presented to show that E.T. carried this pistol on any private property that was not his own. Thus, because the state failed to prove the allegations in the delinquency petition, E.T. could not have been found guilty of violating § 13A-11-52. The juvenile court should have granted his motion for a judgment of acquittal.
In so holding, we reject the attorney general’s argument that § 13A-11-73 expands the scope of § 13A-11-52 to apply to public places. The phrase “[ejxcept as otherwise provided” in § 13A-11-52 merely recognizes that other statutes provide exceptions to the general prohibition set out in § 13A-11-52, i.e., other statutes may specify circumstances in which a person may carry a pistol on the private property of others. To a limited extent, § 13A-11-73 does provide an exception to the general prohibition set out in § 13A-11-52; however, this exception is lim *510 ited to those cases in which a person carries a licensed pistol on the property of others. Braxton v. State, 350 So.2d 753 (Ala.Cr.App.1977). We find no authority for the state’s assertion that the scope of § 13A-11-52 is no longer limited to private property. The question whether the interests of society would be better served by a broader interpretation of § 13A-11-52 is not before this court; we are bound to follow the decisions of the Alabama Supreme Court.
II.
The attorney general’s interjection of § 13A-11-73 into its argument to this court, mirroring the juvenile court’s verbal indications that it found E.T. to be guilty of carrying a pistol without a license, brings us to our alternative holding: assuming that the state intended to prove that E.T. was delinquent due to his alleged possession of a pistol without a permit, then the state should have charged E.T. with violating § 13A-11-73. However, the state chose not to proceed under that statute, and E.T. was not placed on notice that he would have to defend against a charge under that statute. Thus, any adjudication of delinquency that may have resulted from the juvenile court’s finding E.T. guilty of a violation of § 13A-11-73 would be void, as being obtained without a charging instrument and thus without notice.
Accordingly, the judgment is reversed and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MeMILLAN, LONG, and COBB, JJ., concur.
TAYLOR, P.J., concurs in result only.

. Apparently, this was a reference to § 13A-11-73, which states: “No person shall carry a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided.”

. The statute reviewed in Isaiah v. State, 58 So. 53 (Ala.1911), stated, in pertinent part, as follows: "It shall be unlawful for any person to carry a pistol about his person on premises not his own or under his control.” This language was carried over in its entirety to § 13A-11-52. Although the current statute has includes exceptions (expressed in the language “[ejxcept as otherwise provided in this article”), no exception applies to the facts before us. In view of the facts of this case, we conclude that the interpretation in Isaiah of the language now presented is authoritative.