BOLIN, Justice.
Jason Dean Tulley was convicted in the Calhoun Circuit Court of carrying a pistol on premises not his own in violation of Ordinance No. 0-514-10 of the City of Jacksonville (“the City”), which adopts § 13A-11-52, Ala.Code 1975. In a plurality opinion, the Court of Criminal Appeals affirmed Tulley’s conviction. Tulley v. City of Jacksonville, 199 So.3d 779 (Ala.Crim.App.2014). We granted certiorari review to determine whether by charging him under Ordinance No. 0-514-10, which incorporates by general reference § 13A-11-52, the City violated Tulley’s due-process rights.
Ordinance No. 0-514-10 provides, in part:
“Sec. 16.1. Adoption of state misdemeanors, violations and offenses.
“(a) Any person committing an offense within the corporate limits of the city, or within its police jurisdiction, that is declared by a law of the state to be a misdemeanor shall be guilty of an offense against the city. .
“(b) Any person committing an offense within the corporate limits of the city, or within its police jurisdiction, that is declared by a law of the state to be a violation shall be guilty of an offense against the city.
“(c) Any person committing within the corporate limits of the city, or within its police jurisdiction, an offense as defined by section 13A-1-2 of the Alabama Criminal Code, which offense is not declared by law of the state to be a felony, misdemeanor or violation shall be guilty of an offense against the city.
“(d) A person convicted of a violation of this section shall be punished by a fine not exceeding $500.00 or by imprisonment in the city jail or hard labor for a period not exceeding six months, or by any combination, except when in the enforcement of penalties prescribed in Code of Ala.1975, § 32-5A-191 or [§ ] 32-5A-191.3, such penalty shall not exceed the fines and sentences of imprisonment or hard labor as provided by state law; when a provision of this Code provides a particular penalty expressly applicable to certain violations, the express penalty shall be the penalty imposed upon the conviction for those certain violations. The penalty imposed upon a corporation shall consist of the fine only, plus costs of court. Except as otherwise provided by law or ordinance, with respect to violations of this Code that are continuous with respect to time, *815 each day that the violation continues is a separate offense.”[1]
Ordinance No. 0-514-10 is a general-reference ordinance, which adopts by reference existing state misdemeanors, offenses, and violations and makes them municipal misdemeanors, offenses, and violations when those acts occur within the City’s corporate limits or its police jurisdiction. See Evans v. Sunshine-Jr. Stores, Inc., 587 So.2d 312 (Ala.1991), superseded by regulation, Krupp Oil, Inc. v. Yeargan, 665 So.2d 920 (Ala.1995)(addressing a general-reference ordinance and distinguishing a specific-reference ordinance, which incorporates an earlier state statute by specific and descriptive reference); Casteel v. City of Decatur, 215 Ala. 4, 4, 109 So. 571, 572 (1926)(noting that a general-reference ordinance assures that the ordinance “puts the local government behind the suppression of evils defined and.made public offenses by state law” and avoids the “expense in enacting and promulgating a volume of penal ordinances in the same terms as well-known public statutes”).
In Ex parte Davis, 200 Ala. 436, 76 So. 368 (1917), the Court addressed a municipal ordinance that adopted state misdemeanors as offenses against the municipality. The Court stated:
“As the Constitution and the statutes of this state prevent municipal corporations from enacting laws inconsistent with the state laws, and also authorize state and municipal laws condemning the same act and making a given act an offense both against the state and against the municipality, we can see no valid constitutional or statutory objection to the passage of ordinances like the one in question, though the statutes must be resorted to, in order to determine whether or not a given ordinance is violated. And the Constitution and the statutes must be consulted in determining whether a given ordinance is valid or is void. If it is inconsistent with either, then under the laws of this state it is void.
“If the ordinance must be consistent with the statutes, then we see no objection to the theory that an ordinance may follow the statutes, by adopting them, as was done in this case (in so far as a statutory offense can be made an offense against the municipality), without setting out in the ordinance the statutes so adopted. It could not, by so embodying the adopted laws, be rendered any more certain or definite, because it cannot be inconsistent with the statutes, and must in legal effect follow them if it deal with the same subject. It might be more convenient for the ordinance to set out, in effect, at least, the statute or statutes which it adopts; but it would even then be necessary to refer to the statute to test the validity of an ordinance which dealt with the same subject.”
200 Ala. at 437, 76 So. at 369.
In the present case, subsection (c) of Ordinance No. 0-514-10 provides that “offenses” not declared to be misdemeanors, felonies, or violations of state law, are offenses against the City. The City adopted the definition of “offense” in § 13A-1-2(10), Ala.Code 1975, which states .that an offense is “[cjonduct for which a sentence to a term of imprisonment, or the death penalty, or to a fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state.” Section 13A-11-52, which describes the offense with which Tulley was charged, does not designate the offense described therein as a misdemeanor, felo *816 ny, or violation of state law. At the time of Tulley’s conviction, it provided:[2]
“Except as otherwise provided in this article, no person’ shall carry a pistol about his person on premises not his own or under his control; but this section shall not apply to any sheriff or his deputy or police officer of an incorporated town or city in the lawful discharge of the duties of his office, or to United States marshal or his deputies, rural free delivery mail carriers in the discharge of their duties as such, bonded constables in the discharge of their duties as such, conductors, railway mail clerks and express messengers in the discharge of their duties.”
The Court of Criminal Appeals set out the following facts regarding Tulley’s conviction:
“On March 31, 2011, Tulley, who had a pistol unconcealed in a hip holster, entered the First Educators Credit Union (‘the credit union’) in the City of Jacksonville to conduct business there. James Clayton, an officer with the Jacksonville Police Department, was working off-duty as a security officer at the cred-itunion. Clayton saw Tulley walk into the -credit union with the pistol on his hip.
“Clayton approached Tulley and told him that he could not carry the pistol in the credit' union and that he needed to return the pistol to his vehicle. According to Clayton, ‘[a]t first, [Tulley] was very argumentative about it’ and asserted that *[i]t was his constitutional right to carry a firearm into the building.’ Clayton testified that Tulley was. ‘defiant’ but did not raise his voice or shout. Tulley ultimately complied with Clayton’s request, returned the pistol to his vehicle, and reentered the credit union.
“Tulley was arrested a few days later and was charged with carrying a pistol on premises not his own. See § 13A-11-52, Ala.Code 1975. Tulley was convicted in the Jacksonville Municipal Court, where he was ordered to pay a $50 fine and $200 in costs. Tulley appealed to the Calhoun Circuit Court.
“In the circuit court, Tulley filed two motions to dismiss the charge against him; the circuit court denied both. Following a bench trial, Tulley was convicted and was sentenced to 30 days’ imprisonment and ordered to pay court costs and a $200 fine. The circuit court suspended Tulley’s 30-day sentence and placed him on 6 months’ probation. Tul-ley moved -for a new trial; that motion was - denied by operation of law. See Rule 24.4, Ala. R.Crim, P.”
Tulley, 199 So.3d at 782 (footnote and reference to record omitted).
In appealing his conviction, Tulley argued before the Court of Criminal Appeals, among other things, that § 13A-11-52 was unconstitutionally vague because it did not contain a punishment provision for violating the statute, nor did § 13A-11-52 designate whether a violation of the statute was a felony or a misdemeanor so that *817 another Code provision might provide a sentence to save the statute. Tulley further argued that by charging him under § 13A-11-52 the City had violated his rights to due process.
In addressing this argument, a plurality of the Court of Criminal Appeals acknowledged the history of § 13A-11-52 and its predecessor statutes, beginning with a precursor act adopted in 1919, which had included a sentence. The main opinion of the Court of Criminal Appeals noted that the substance of the 1919 act, including-the sentencing provision, was carried forward in the 1923 recodification of the Alabama Code. The main opinion noted that the 1940 recodification read as follows:
“ ‘Carrying a pistol on premises not his own; who may carry a pistol. Except as otherwise provided in this chapter no person shall carry a pistol about his person on premises not his own or under his control; but this section shall not apply to any sheriff or his deputy or police officer of an incorporated town or city in the lawful discharge of the duties of his office, or United States marshal or their deputies, rural free delivery mail carriers in the discharge of their duties as such, conductors, railway mail clerks, and express messengers in the discharge of their duties.’ ”
199 So.3d at 794. The 1940 recodification did not include a punishment provision, nor did the 1958 recompilation; the Code of Alabama 1975 likewise does not contain a provision setting a punishment for violation of the statute. In the main opinion, the Court of Criminal Appeals acknowledged the principle set out in Ex parte State Department of Revenue, 683 So.2d 980 (Ala.1996), that, by the process of adopting the entire Code, the legislature repeals any portion of the original legislation and prior codification not present in the newly adopted Code. Accordingly, the Court of Criminal Appeals concluded that the punishment provision was repealed with the codification of the 1940 Code.
The main opinion of the Court of Criminal Appeals disagreed with the City’s argument that the general sentencing provisions' in Ala.Code 1975, § 13A-5-4 (formalizing the objective that punishment be determined through the designation of an offense as a felony or misdemeanor pursuant to a letter classification for the offense and providing that, if the offense is not classified, it will be punishable as a.Class C felony or misdemeanor), § 13A-5-7 (setting out the punishment for Class A, B, and C misdemeanors)» and § 13A-5-12 (setting out fines for Class A, B, and C misdemeanors) provided a punishment for a violation of § 13A-11-52. Because § 13A-11-52 does not designate the offense as a misdemeanor, the main opinion-concluded that the above general sentencing provisions do not provide a punishment for § 13A-11-52. However, the main opinion noted that Tulley was not convicted under § 13A-11-52; rather, he was convicted pursuant to Ordinance No. 0-514-10, which adopted § 13A-11-52 by general reference, and then set out a punishment for . violating the statute. The court noted that Tulley never objected to the introduction, of the ordinance into evidence, nor did he dispute that the ordinance makes a violation of § 13A-11-52 an offense against the City.
In the main opinion, the Court of Criminal Appeals addressed the contention in the dissent that the application of Ordinance No. 0-514-10 raises a jurisdictional issue. The dissent relied on Crane v. State, 964 So.2d 1254 (Ala.Crim.App.2007), in which the Court of Criminal Appeals held that the trial court lacked jurisdiction to enter a conviction for attempted first-degree robbery where the new Criminal *818 Code expanded the definition of robbery to include the attempt to rob, so that the former -offense of attempted robbery now constituted the offense of robbery and the offense of “attempted robbery” no longer existed. In its main opinion, the Court of Criminal Appeals distinguished Crane on the ground that Ordinance No. 0-514-10 prohibited the conduct set out in § 13A-11-52 and then provided for a punishment.
The main opinion of the Court of Criminal Appeals noted that Tulley has never argued that Ordinance No. 0-514-10 did not properly incorporate § 13A-11-52 and that, instead, he premised his arguments on the notion that Ordinance No. 0-514-10 adopted the conduct prohibited in § 13A-11-52. The court went on to state:
“[T]he language' of the ordinance adequately adopts § 13A-11-52, AIa.Code 1975. Subsection (c) of Ordinance No. 0-514-10 includes the following provision:
“ ‘Any person committing "within the corporate limits of the city, or within its police jurisdiction, an offense as defined by section 13A-1-2 of the Alabama Criminal Code, which offense is not declared by & law of the state to be a felony, misdemeanor or violation shall be guilty of an offense against the city.’
“Section 13A-1-2(10), Ala.Code 1975, del-fines an offense as ‘[cjonduct for which a sentence to a term of imprisonment, or the death penalty, or to á fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state.’ (Emphasis added.) Thus, subsection (c) of Ordinance No. 0-514-10 declares that the conduct proscribed by § 13A-11-52, Ala. Code 1975, is an offense against the City, and subsection (d) of that same ordinance includes a provision for punishment for that offense.
“The dissenting opinion emphasizes, in subsection (c) of Ordinance No. 0-514-10, the phrase ‘an offense as defined by section 13A-1-2 of the Alabama Criminal Code.’ The dissenting opinion isolates that phrase, however, from the phrase that immediately follows it, which states ‘which offense is not declared by a law of this state to be a felony, misdemeanor or violation.’ Section 13A-11-52 clearly prohibits certain conduct — namely, it prohibits a person from ‘carrying] a pistol about his person on premises not his own or under his control.’ The ‘law of this State’ — that is, the Code of Alabama — does not declare a violation of § 13A-11-52 ‘to be a felony, misdemeanor or violation.’ The City, however, through its ordinance has declared that the conduct at issue— which is prohibited by § 13A-11-52, Ala. Code 1975, but not designated by state law as a ‘felony, misdemeanor or violation’ — is an offense against the City. Further, in subsection (d) of the ordinance, the City has provided an applicable punishment for that offense.
“Subsection (d) of Ordinance No. 0-514-10 states, in relevant part: ‘A person convicted of a violation of this section shall be punished by a fine not exceeding $500.00 or by imprisonment in the city jail or hard labor for a period not exceeding six months, or by any cornbination.... ’ Tulley’s sentence was consistent with this subsection. Moreover, subsection (d) of the ordinance is consistent with the version of § 11-45-9, Ala.Code 1975, that was in effect at the time of Tulley’s offense; that Code section provided, in relevant part:
“ ‘(a) Municipal ordinances may provide penalties of fines, imprisonment, hard labor, or one or more of such penalties for violation of ordinances.
*819 “‘(b) No fíne shall exceed $500.00, and no sentence of imprisonment or hard labor shall exceed six months except, when in the enforcement of the penalties prescribed in Section 32-5A-191, such fine shall not exceed $5,000.00 and such sentence of imprisonment or hard labor shall not exceed one year.’9
“9 Section 11-45-9, Ala.Code 1975, was amended effective June 14, 2011.”
199 So.3d at 798-99.
In its main opinion, the Court of Criminal Appeals acknowledged that, in his application for rehearing, Tulley, for the first time, addressed the punishment provision in subsection (d) of Ordinance No. 0-514-10. Specifically, Tulley argued that subsection (d) conflicted with former § 11-45-1.1, Ala.Code 1975, and former § 11-80-11, Ala.Code 1975 (amended effective August 1, 2013), because, he argued, the- City could punish Tulley only to the extent that the State could punish him. The Court of Criminal Appeals concluded that Tulley had waived this argument by raising it for the first time on rehearing in that court and that, even if Tulley had timely raised the argument, the legislature, did not intend to prohibit municipalities from imposing fines and sentences different from those authorized for a state conviction of the same offense.
Judge Joiner concurred specially, addressing additional reasons why Tulley’s arguments do not present a jurisdictional issue and noting that recently enacted § 13A-ll-61.3(g)(10), Ala.Code 1975, effective August 1, 2013, now prohibits municipalities from. enforcing § 13A-11-52.[3]
Judge Burke dissented from the court’s decision, opining that the trial court lacked jurisdiction to convict Tulley because, he said, Ordinance No. 0-514-10 did not adopt' § 13A-11-52. Judge Burke reasoned:
“Subsection (d) of Ordinance No. O-514-10 provides, in relevant part:
“ ‘(d) A person convicted of a violation of this section shall be punished by a fine not exceeding $500.00 or by imprisonment in the city jail or hard labor for a period not exceeding six months, or by any combination.... ’
“(Emphasis added.) Thus, in order for the punishment provision found in subsection (d) to have any application, a person must be convicted of violating ‘this section,’ i.e., -the person must be convicted of violating some specific part of Ordinance No. 0-514-10.
“The main opinion states that Tulley was convicted of violating subsection (c) of Ordinance No. 0-514-10, which provides:
“ ‘(c) Any person committing within the corporate limits of the city, .or within its police jurisdiction, an offense as defined by section 13A-1-2 of the Alabama Criminal Code, which offense is not declared by a law of the state to be a felony, misdemeanor or violation shall be guilty of an offense against the city.’
“(Emphasis added.)
“Section 13A-1-2(10), Ala.Code 1975, defines an ‘offense’ as ‘[cjonduct for which a sentence to a term of imprison *820 ment, or the death penalty, or to a fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state.’
“Again, to constitute an ‘offense’ under § 13A-1-2 there must be ‘conduct for which a sentence ... is provided,’ and a person must commit ‘an offense as defined by section 13A-1-2’ to be convicted of violating subsection (c) of Ordinance No. 0-514-10. The conduct at issue in the present case is a person’s ‘carrying] a pistol about his person on premises not his own or under his control.’ As stated in the main' opinion, § Í3A-11-52 does not provide a sentence for that conduct, and Ordinance No; 0-514-10 makes no mention of that conduct. Thus, no law of this State or the City of Jacksonville provides a sentence for that conduct. Accordingly, that conduct is not an ‘offense,’ as defined by § 13A-1-2. Therefore, contrary to the statements in the main opinion, subsection (c) of Ordinance No. 0-514-10 — which adopts only ‘offense[s] as defined by section 13A-1-2’ — does not ‘adopt[] § 13A-11-52, Ala.Code 1975,’ nor. does it ‘declare[ ] that the conduct proscribed by § 13A-11-52, Ala,Code 1975, is an offense against the City.’ 199 So.3d at 798. Because subsection (c) of Ordinance No. 0-514-10 does not adopt § 13A-11-52, subsection (d) of Ordinance No. 0-514-10 does not provide an applicable punishment provision and no other applicable punishment provision exists.
“To support its conclusion that Ordinance No. 0-514-10 adopts § 13A-11-52, the main opinion attempts to rely on the clause ‘which offense is not declared by a law of this state to be a felony, misdemeanor or violation.’ See Ordinance No. O-514-10(c) (emphasis added); see also Tulley, 199 So.3d at 798. However, that clause still requires an ‘offense,’ i.e., ‘conduct for which a sentence ... is provided.’ The- main opinion concludes that the punishment provision in Ordinance No. O-514-10(d)— which is applicable only if there is a ‘violation of this section’ — provides the required sentence and turns conduct that does not otherwise have a sentence provided into an ‘offense’ under Ordinance No. O-514-10(c) and, thus, turns that conduct into a violation of ‘this section.’ That conclusion appears to be reached by circular reasoning.”
Tulley, 199 So.3d at 806-07 (Burke, J., dissenting).
The first question we- must address is whether the trial court had jurisdiction to render Tulley’s conviction, which was pursuant to Ordinance No. 0-514-10. In his brief to this Court, Tulley does not argue that the trial court lacked jurisdiction despite the fact that that issue was addressed in the main opinion'of the Court of Criminal Appeals and'in both special writings. However,.
“‘[o]n questions of subject-matter jurisdiction, this Court is not limited by the parties’ arguments or by the legal conclusions of the trial and intermediate appellate courts regarding the existence of jurisdiction.... See Ex parte Smith, 438 So.2d 766, 768 (Ala.1983)(“Lack of subject-matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject-matter jurisdiction ex mero motu.” (citing City of Huntsville v. Miller, 271 Ala. 687, 688, 127 So.2d 606, 608 (1958))).’
“Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 894-95 (Ala.2008).”
Championcomm.net of Tuscaloosa, Inc. v. Morton, 12 So.3d 1197, 1199 (Ala.2009).
*821 In addressing Ordinance No. 0-514-10, we are guided by the following overarching principles: “A municipal corporation is but a creature of the State, existing under and by virtue of authority and power granted by the State.” Hurvich v. City of Birmingham, 35 Ala.App. 341, 343, 46 So.2d 577, 579 (1950). “Municipal corporations may exercise only such powers as are expressly granted to them by the Legislature or necessarily implied in or incident to the powers expressly conferred, and those indispensably necessary to the accomplishment of the objects of the municipality.” Phenix City v. Putnam, 268 Ala. 661, 664, 109 So.2d 836, 838 (1959). “Although municipalities exercise ‘such power ... as is conferred upon [them] by law,’ a municipality need not predicate its every action upon some specific express grant of power. Alabama’s cities possess certain implied powers that derive from the nature of the powers expressly granted to them by the legislature.” Wilkins v. Dan Haggerty & Assocs., Inc., 672 So.2d 507, 509 (Ala.1995). Article IY, § 89, Ala. Const.1901, provides that “[t]he legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state.” “ ‘ “Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the municipal law prohibits anything which the State law specifically permits.” ’ ” Gibson v. City of Alexander City, 779 So.2d 1153, 1155 (Ala.2000) (quoting Lanier v. City of Newton, 518 So.2d 40, 43 (Ala.1987), quoting in turn Congo v. State, 409 So.2d 475, 478 (Ala.Crim.App.1981)). “An ordinance which merely enlarges upon the provision of a statute by requiring more restrictions than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own terms.” Congo, 409 So.2d at 478. “Mere differences in detail do not create a conflict, and we cannot say a conflict exists merely because the Act is silent where the ordinance speaks.” Alabama Recycling Ass’n, Inc. v. City of Montgomery, 24 So.3d 1085, 1090 (Ala.2009). “[I]t is .no objection to a municipal ordinance not in contravention of a state law that it affords additional regulation ‘complementary to the end state legislation would effect.’” Standard Chem. & Oil Co. v. City of Troy, 201 Ala. 89, 92, 77 So. 383, 386 (1917) (quoting Turner v. Town of Lineville, 2 Ala.App. 454, 56 So. 603, 605 (1911)).
A state statute may preempt a municipal ordinance expressly when the statute defines the extent to which its enactment preempts municipal ordinances, when a municipal ordinance attempts to regulate conduct in a field that the legislature intended the state law to exclusively occupy, and when a municipal ordinance permits what a state statute, forbids or forbids what a statute permits. Alabama Recycling Ass’n, supra; Peak v. City of Tuscaloosa, 73 So.3d 5 (Ala.Crim.App.2011). When the State has not preempted a field, the same acts may be prohibited by the State and a municipality and the penalties may be different so long as the penalty provided “is not in excess of that which the municipality .has been granted the authority to impose.” Donley v. City of Mountain Brook, 429 So.2d 603, 617 (Ala.Crim.App.1982), rev’d on other grounds, 429 So.2d 618 (Ala.1983). Municipal ordinances are subject to the same general rules of statutory construction as are acts of the legislature. S & S Distrib. Co. v. Town of New Hope, 334 So.2d 905 (Ala.1976).
In the present case, the City, in Ordinance No. 0-514-10, adopted by general reference state misdemeanors, violations, and offenses as offenses against the City. This is permissible, and it serves *822 the dual purpose of allowing a citizen to be informed of two parallel codes of law and avoids the expense of a municipality promulgating ordinances in the same terms as well known statutes. Casteel v. City of Decatur, supra. It is also permissible for a municipal ordinance to provide a punishment different from the punishment for the state misdemeanor, violation, or offense so long as the municipality does not exceed the legislative authority granted it. Donley v. City of Mountain Brook, supra.
Subsection (c) of Ordinance No. 0-514-10 adopts state offenses as defined by § 13A-1-2 that were not declared to be misdemeanors, felonies, or violations of state law. Section 13A-1-2 provides the definitions of terms that are commonly used throughout the Criminal Code and provides that, unless different meanings are expressly specified in subsequent provisions of the Criminal Code, the terms have the meanings set out in § 13A-1-2. Section 13A-1-2 defines a felony as “[a]n offense for which a sentence of imprisonment in excess of one year is authorized by this title”; a misdemeanor as “[a]n offense for which a sentence to a term of imprisonment not in excess of one year may be imposed”; a violation as “[a]n offense for which a sentence to a term of imprisonment not in excess of 30 days may be imposed”; and an offense as “[cjonduct for which a sentence to a term of imprisonment, or the death penalty, or to a fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state.” See § 13A-1-2(8), (9), (16), and (10), AIa.Code 1975, respectively.
The problem with classifying § 13A-11-52 as charging a municipal “offense” if the “offense” occurs within the City’s jurisdiction is that § 13A-11-52 is unconstitutional on its face in that it cannot be enforced under any circumstances. This is so because § 13A-11-52 does not provide for a punishment.
“It is a fundamental tenet of due process that ‘[n]o one may be required at peril .of life, liberty or property to speculate as to the meaning of penal statutes.’ Lanzetta v. New Jersey, 306 U.S. 451, 453 (1939). A criminal statute is therefore invalid if it ‘fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.’ United States v. Harriss, 347 U.S. 612, 617 (1954). See Connally v. General Construction Co., 269 U.S. 385, 391-393 (1926); Papachristou v. Jacksonville, 405 U.S. 156, 162 (1972); Dunn v. United States, 442 U.S. [100], at 112-113 [ (1979) ], So too, vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute. See United States v. Evans, 333 U.S. 483 (1948); United States v. Brown, 333 U.S. 18 (1948); cf. Giaccio v. Pennsylvania, 382 U.S. 399 (1966).”
United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)(emphasis added).
A “ ‘facial challenge’ ... is defined as ‘[a] claim that a statute- is unconstitutional on its face — that is, that it always operates unconstitutionally.’ ” Board of Water & Sewer Comm’rs of Mobile v. Hunter, 956 So.2d 403, 419 (Ala.2006) (quoting Black’s Law Dictionary 244 (8th *823 ed.2004)).[4] To prevail on a facial challenge to the constitutionality of a statute, a party must establish “that no set of circumstances exists under which the [statute] would be valid.” United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). In contrast, an “as-applied challenge” is “a claim that a statute is unconstitutional on the facts of a particular case or in its application to a particular party.” Black’s Law Dictionary 278 (10th ed.2014).
“ ‘[Cjourts may declare legislative enactments to be inoperative and void for indefiniteness or uncertainty in meaning. But such power should be exercised only when a statute is so incomplete, so irreconcilably conflicting, or so vague or indefinite, that it cannot be executed, and the court is unable, by the application of known and accepted rules of construction, to determine, with any reasonable degree of certainty, what the legislature intended.’ ”
Northington v. Alabama Dep’t of Conservation & Natural Res., 33 So.3d 560, 566 (Ala.2009)(quoting Jansen v. State, 273 Ala. 166, 170, 137 So.2d 47, 50 (1962)).
We recognize that Ordinance No. O-514-10 adopts by reference state misdemeanors, violations, and offenses and then goes on to provide a punishment when those acts or omissions occur within the City’s corporate limits or police jurisdiction. However, the inclusion of a punishment in Ordinance No. 0-514-10 does not “cure” the unconstitutionality of § 13A-11-52, which arose out of the legislature’s failure to include a punishment for the conduct proscribed by that statute. We also recognize that an “offense” is defined in § 13A-1-2(10) as “[c]onduct for which a sentence to a term of imprisonment, or the death penalty, or to a fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state.” In other words, in the Criminal Code an offense is conduct plus punishment, whether that offense happens to be proscribed by a state statute, a local law applicable to a county or counties, or a municipal ordinance. The State could not prohibit the conduct described in § 13A-11-52 as written and then apply the punishment set out in the City’s ordinance, nor can the City adopt by reference § 13A-11-52[5] as written and apply the punishment set out in Ordinance No. O-514-10.
In Reed v. State, 372 So.2d 876 (Ala.1979), a member of the legislature was charged with the felony offense of bribery. The jury found the defendant guilty of the misdemeanor offense of attempting to bribe under former § 13-9-3, Ala.Code 1975. This Court held that the defendant’s conviction for the misdemeanor was a nullity because any inchoate offense of attempt had been subsumed by the definition of the felony offense of bribery in former § 13-5-31, Ala.Code 1975. The Court reversed the conviction and rendered a judgment of acquittal. In Casey v. State, 925 So.2d 1005 (Ala.Crim.App.2005), the defendant filed a Rule 32, Ala. R.Crim. P., petition challenging the trial court’s *824 jurisdiction to accept his guilty plea. The defendant was indicted for first-degree robbery, and on February 28, 1983, he pleaded guilty to attempted robbery in the first degree. The definition of robbery had been enlarged and expanded by the 1977 Criminal Code so as to include attempted robbery in the definition of robbery. The State conceded that the defendant’s conviction was void' and that it should be set aside. In Crane v. State, 964 So.2d 1254 (Ala.Crim.App.2007), the defendant was indicted for first-degree robbery but pleaded guilty to attempted first-degree robbery, which was a separate offense that no longer exists under the new Criminal Code. Because the defendant had pleaded guilty to a nonexistent offense, the Court of Criminal Appeals held that the trial court lacked jurisdiction to render a judgment and to impose a sentence against the defendant for attempted first-degree robbery.
A statute that cannot be applied under any circumstances, i.e., a statute that is facially unconstitutional, affects the jurisdiction of the court to render a judgment against a defendant because the statute always operates unconstitutionally.[6] As noted above, the City’s adoption of the facially unconstitutional state statute by general-reference along with the inclusion of a punishment in Ordinance No, 0-514-10 did not cure the constitutional deficiencies in the statute. Like the nonexistent offenses in Reed, Crane, and Casey, the offense of carrying a pistol “about his person on premises not his own or under his control” within the City’s corporate limits did not exist.
Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals affirming Tulley’s conviction. At the time of Tulley’s alleged offense, § 13A-11-52 was unconstitutional on its face, and the City’s purported adoption of that offense as an offense against the City by general reference in Ordinance No. 0-514-10 was a nullity. Accordingly, the trial court lacked jurisdiction to convict Tulley. We remand the case to the Court of Criminal Appeals for that court, in turn, to reverse and to remand the case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and PARKER, MAIN, and BRYAN, JJ., concur.
STUART, MURDOCK, and SHAW, JJ., dissent.

. The ordinance also contains a severability clause.

. After Tulley's conviction and sentence, § 13A-11-52, Ala.Code 1975, was amended and now provides:
"Except as otherwise provided in this article, no person shall carry a pistol about his person on private property not his own or under his control unless the person possesses a valid concealed weapon permit or the person has the consent of the owner or legal possessor of the premises; but this section shall not apply to any law enforcement officer in the lawful discharge of the duties of his office, or to United Státes marshal or his deputies, rural free delivery mail carriers in the discharge of their duties as such, bonded constables in the discharge of their duties as such, conductors, railway mail clerks and express messengers in the discharge of their duties.”

. Section 13A-ll-61.3(g)(10) provides that, when a municipality adopts an ordinance that makes a violation of a state firearm law a municipal violation, the municipal ordinance may not impose a higher penalty than the penalty imposed under the state firearm law. However, it appears that a municipality was already preempted under former §’ 11-45-1.1 and former § 11-80-11 from punishing a state firearm violation adopted as a municipal violation from a punishment other than “to the same extent as other state law violations.”

. Hunter was superseded by statute, as recognized in Arthur v. Bolen, 41 So.3d 745 (Ala.2010).

. With regard to § 13A-11-52 and the paucity of caselaw, it is telling that only three cases since the 1940 Code omitted the punishment provision from what is now § 13A-11-52 have reached the appellate level; those three cases involved juvenile proceedings, which are quasi-criminal in nature. Section 13A-11-52 was used to adjudicate the juveniles as delinquent and in need of supervision. See K.J. v. State, 690 So.2d 541 (Ala.Crim.App.1997); C.D.J. v. State, 671 So.2d 139 (Ala.Crim.App.1995); and E.T. v. State, 682 So.2d 508 (Ala.Crim.App.1996). It does not appear that any of the juvenile defendants raised any issue regarding the failure of § 13A-11-52 to provide punishment for the offense.

. In Los Angeles v. Patel, 576 U.S. -, 135 S.Ct. 2443, 192 L.Ed.2d 435 (2015), the Supreme Court held that a municipal ordinance requiring hotel operators to provide police officers with specified information concerning hotel guests upon demand on its face violated the Fourth Amendment to the United States Constitution. The Supreme Court stated:
"A facial challenge is an attack on a statute itself as opposed to a particular application. While such challenges are ‘the most difficult ... to mount successfully,’ United States v. Salerno, 481 U.S. 739, 745 (1987), the Court has never held that these claims cannot be brought under any otherwise enforceable provision of the Constitution. Cf. Fallon, Fact and Fiction About Facial Chal-tenges, 99 Cal. L.Rev. 915, 918 (2011) (pointing to several Terms in which ‘the Court adjudicated more facial challenges on the merits than it did as-applied challenges'). Instead, the Court has allowed such challenges to proceed under a diverse array of constitutional provisions, See, e.g., Sorrell v, IMS Health Inc., 564 U.S. 552, (2011) (First Amendment); District of Columbia v. Heller, 554 U.S. 570 (2008) (Second Amendment); Chicago v. Morales, 527 U.S. 41 (1999) (Due Process Clause of the Fourteenth Amendment); Kraft Gen. Foods, Inc. v. Iowa Dept. of Revenue and Finance, 505 U.S. 71 (1992) (Foreign Commerce Clause).”
576 U.S. at ——, 135 S.Ct. at 2449.