Rel: April 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

————————————————

### SC-2023-0637

————————————————

**City of Gulf Shores**

**v.**

**Coyote Beach Sports, LLC**

**Appeal from Baldwin Circuit Court
(CV-21-900648)**

————————————————

### SC-2023-0839

————————————————

**City of Gulf Shores**

**v.**

**Coyote Beach Sports, LLC**

**Appeal from Baldwin Circuit Court**
**(CV-21-900648)**

SELLERS, Justice.

Following a series of complaints and accidents involving motor scooters, the City of Gulf Shores ("the City") passed a municipal ordinance regulating the motor-scooter-rental business. Section 22-101(a) of that ordinance -- Ordinance No. 2013 -- states, in relevant part:

> "Without regard to the person who may be the nominal rental customer, no rented motorcycle or motor-driven cycle shall be provided for operation by any person who is under the age of eighteen (18) years or who does not personally possess and produce for copying at the time of rental a valid current Alabama Class M motorcycle license or Class M license endorsement or, if a resident of a state other than Alabama, a valid current license from the state of residence expressly authorizing the operation of a motorcycle by the person in the person's state of residence."

Coyote Beach Sports, LLC ("Coyote"), is a Louisiana-based limited-liability company that has rented motor scooters -- deemed motor-driven cycles under state law, see § 32-1-1.1(36), Ala. Code 1975 -- in Gulf Shores since 2014. According to Coyote, its business effectively ceased when the City approved Ordinance No. 2013 because most customers, past and potential, did not have the required Class M license endorsement and

2

were thus not licensed to operate a motor-driven cycle under Alabama law.

After its business ground to a halt, Coyote filed in the Baldwin Circuit Court a complaint against the City on June 15, 2021, requesting a judgment declaring the ordinance invalid, monetary damages, and attorney fees and costs. The City timely filed an answer denying Coyote's claims.

After discovery, a jury trial commenced on August 14, 2023. Following the close of evidence on August 17, 2023, the trial court declared Ordinance No. 2013 preempted by state law. Thereafter, the jury awarded Coyote $200,416.12 in compensatory damages. The trial court entered a final judgment on all claims, and the City timely filed its notice of appeal of the trial court's judgment on September 6, 2023. On September 28, 2023, Coyote filed a motion for attorney fees, and, on November 6, 2023, the trial court, without having held a hearing, entered an order, which contained no written findings, awarding Coyote $59,320 in attorney fees. The City timely appealed that order, and we consolidated the prior appeal with the appeal of the order containing the attorney-fee award.

Standard of Review

The issue of the preemption of a municipal ordinance by state law involves a pure question of law; therefore, we apply a de novo standard of review. See Alabama Recycling Ass'n v. City of Montgomery, 24 So. 3d 1085, 1088 (Ala. 2009).

Discussion

Although the City raises several arguments on appeal, the only question we need address is whether the trial court erred in ruling that state law preempted the City's municipal ordinance. We conclude that it did, and we reverse.

Given state constitutional and statutory constraints on the ability of municipalities to pass ordinances inconsistent with state laws, this Court has recognized three circumstances under which municipal ordinances are preempted by state law. See Breland v. City of Fairhope, 337 So. 3d 741, 753 (Ala. 2020). First, "[a] state statute may preempt a municipal ordinance expressly when the statute defines the extent to which its enactment preempts municipal ordinances." Ex parte Tulley, 199 So. 3d 812, 821 (Ala. 2015). Second, a municipal ordinance may be preempted "when [it] attempts to regulate conduct in a field that the

4

legislature intended the state law to exclusively occupy." Id. Finally, a municipal ordinance may be preempted "when [it] permits what a state statute forbids or forbids what a statute permits." Id. The trial court ruled as a matter of law that Ordinance No. 2013 was preempted under either the second or third theory of preemption. We hold that the ordinance is not preempted under any of these theories.

I.  Alabama's Motorcycle-Licensure Statutes Do Not Preempt the Field of Motorcycle-Rental Regulations

"For state law to preempt an entire field, '"'"an act must make manifest a legislative intent that no other enactment may touch upon the subject in any way."'"'" Breland, 337 So. 3d at 753 (quoting Peak v. City of Tuscaloosa, 73 So. 3d 5, 19-20 (Ala. Crim. App. 2011), quoting in turn other cases). Before reviewing "the text of the relevant statutes," id. (citing Ex parte Waddail, 827 So. 2d 789, 794 (Ala. 2001)), in search of clear preemptive intent, we must ensure that the "conduct in [the] field that the legislature intended the state law to exclusively occupy," Ex parte Tulley, 199 So. 3d at 821, is the same type of conduct regulated by the ordinance.

Coyote directs our attention to §§ 32-5A-240 and 32-12-22, Ala. Code 1975, which establish the licensure requirements for Alabama

residents <u>operating</u> motorcycles in Alabama and for Alabama residents <u>operating</u> motor-driven cycles in Alabama, respectively. Conversely, § 22-101(a) of Ordinance No. 2013 establishes requirements for regulating the <u>rental</u> of motorcycles or motor-driven cycles in Gulf Shores. Thus, even if we were to assume that the statutes Coyote references do preempt the field of licensure requirements for the operation of motorcycles and motor-driven cycles in Alabama, there would be no preemptive effect on Ordinance No. 2013 because the conduct it regulates -- the renting of motorcycles and motor-driven cycles -- is not the same conduct regulated by the aforementioned statutes. There is a distinct difference between the state's requiring a license for a citizen to operate a motorcycle or motor-driven cycle in Alabama and a municipality's adopting an ordinance to regulate the rental of motorcycles or motor-driven cycles within its jurisdiction. Accordingly, Ordinance No. 2013 is not preempted under the theory of field preemption.

    II.   <u>The City's Ordinance Does Not Conflict with State Law</u>

For similar reasons, Ordinance No. 2013 does not conflict with state law because it neither "permits what a state statute forbids [n]or forbids

what a statute permits." <u>Ex parte Tulley</u>, 199 So. 3d at 821. Coyote contests this, believing Alabama to have "a detailed statutory scheme regarding the licensure requirements of individuals operating motor vehicles within the state." Coyote's brief at 20. But, as explained above, the conduct licensed by state law is the <u>operation</u> of motorcycles and motor-driven cycles, not the rental of them. Indeed, Coyote can point to no statute in Alabama concerning the rental of motorcycles or motor-driven cycles, and we can find no state law addressing that issue. If there exists no statute specifically regulating, forbidding, or permitting the <u>rental</u> of motorcycles or motor-driven cycles, then there can be no inconsistency between Ordinance No. 2013 and state law such that the ordinance is thereby preempted. <u>See</u> <u>Alabama Recycling Ass'n</u>, 24 So. 3d at 1088-89. Thus, Ordinance No. 2013 does not conflict with state law such that the ordinance is preempted.

Conclusion

Therefore, because the City's Ordinance No. 2013, regulating the rental of motorcycles and motor-driven cycles, is not preempted by any state law, the judgment of the circuit court is reversed and, consequently,

7

the order awarding Coyote attorney fees is also reversed; these matters are remanded for further proceedings consistent with this opinion.

SC-2023-0637 -- REVERSED AND REMANDED.

SC-2023-0839 -- REVERSED AND REMANDED.

Parker, C.J., and Wise, Stewart, and Cook, JJ., concur.